### In re REA BROS.

#### (District Court, D. Montana. November, 1917.)

1. BANKRUPTCY ⇒407(5)—DISCHARGE—GROUND FOR REFUSAL—"FALSE STATEMENT MADE FOR PURPOSE OF OBTAINING CREDIT."

The giving by a bankrupt, in payment for property bought, of a check on a bank where he had neither money nor credit, while a false representation, was not a "false statement * * * made * * * for the purpose of obtaining credit," within Bankruptcy Act July 1, 1898, c. 541, § 14b (3), 30 Stat. 550, as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797, and Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (Comp. St. 1916, § 9598), which will defeat the bankrupt's right to a discharge.

2. BANKRUPTCY ⇒407(5)—DISCHARGE—GROUND FOR REFUSAL—"CREDIT."

The word "credit," used in Bankruptcy Act, § 14b (3), as amended by Act Feb. 5, 1903, § 4, and Act June 25, 1910, § 6, prohibiting discharge where the bankrupt has "obtained money or property on credit upon a materially false statement in writing, made * * * for the purpose of obtaining credit," means express credit, and not unintended credit, such as that forced upon a seller, who accepts a check upon a bank in which the purchaser has no funds.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Credit.]

3. BANKRUPTCY ⇒407(1)—REFUSAL TO ANSWER QUESTIONS.

A few days before referee's hearing on objections to discharge, objectors noticed the bankrupts to produce certain contracts, all related letters, and all accounts and bank books and canceled checks for three years before adjudication and afterwards, which bankrupts at the hearing stated they refused to do, but referee was not moved to compel production of the papers and books. *Held*, there was no refusal "to answer any material question approved by the court," within Bankruptcy Act July 1, 1898, § 14b (6), because of which discharge should be refused.

In Bankruptcy. In the matter of Rea Bros., bankrupts. On application for discharge and objections thereto. Objections overruled, and discharge granted.

John H. Johnston, of Billings, Mont., for bankrupts.
James A. Walsh, of Helena, Mont., for objecting creditors.

BOURQUIN, District Judge. [1] The bankrupts purchased sheep, to be paid by check on delivery, which was done. They knew they had neither money nor credit at the bank of the check, and it was dishonored when presented in due course some 20 days later.

---

⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is held that the check is not a "false statement * * * for the purpose of obtaining credit," and by which property was obtained, within paragraph 3, § 14, Bankruptcy Act. Said paragraph was introduced into the law in 1903, and amended in 1910 by a provision that the false statement, theretofore a bar to discharge when made to the person from whom the property was obtained, would also bar discharge if made to such person "or his representative." Even before 1903 the law dealt with false representations, providing that certain debts for obtaining property by false representations were not released by discharge. It is believed Congress by "false statement" altogether different in phraseology from, and importing false representations and more, intends the financial statements well known in the commercial world, setting out assets and liabilities, disclosing net worth, and made to mercantile agencies and others expressly as a basis for credit. In law, statement generally means more than representation, in that it deals with particulars or facts from which totals and conclusions may be computed, rather than deals with merely totals or conclusions. The check is a false representation that the makers had sufficient money on deposit or had otherwise arranged so that the check would be paid on presentation, but is not a "false statement," within section 14, and as herein defined.

[2] It is not intimated, however, but that other than financial statements as commonly understood may be within section 14, if false and distinguishable from mere representations. Furthermore, it is believed that "credit," within section 14, is express credit, and not unintended credit, forced upon the seller as here. A sale for payment by check on delivery is so far a cash sale that it is not within section 14, though quasi credit is involved to the extent of the time to present the check for payment. It is apparent Congress distinguishes between the false statements and credit that defeat discharge of the bankrupt, and the false representations and credit that defeat discharge of a debt. Here is of the latter type.

[3] A few days before referee's hearing on objections to discharge, the objectors noticed the bankrupts to produce certain contracts, all related letters, and all accounts and bank books and canceled checks for three years before adjudication and afterwards. At the hearing, counsel for the objectors asked that "it appear" that the bankrupts "admit receiving" said notice. Thereupon the bankrupts' counsel stated they refuse to produce any of the said papers and books, for the reason they have at all times been subject to the trustee's orders, who "has had perfect liberty to examine them at any time," and that they are at the bankrupts' office, and for the further reason the most thereof were prior to four months prior to bankruptcy. The referee was not moved to compel production of said papers and books. It suffices to say that this ambiguous situation is not, as contended, a refusal "to answer any material question approved by the court, " within section 14b(6), and because of which discharge should be refused.

The evidence is insufficient to sustain objections that the bankrupts failed to keep books, with intent to conceal their financial condition, or at all. So, too, evidence relating to insurance policies.

Objections overruled; discharge granted.