CLELAND v. IOWA LOAN & TRUST CO.

In re CLELAND.

(Circuit Court of Appeals, Eighth Circuit. September 1, 1919.)

No. 5359.

BANKRUPTCY ⊜407(5)—FALSE STATEMENT TO BANK GROUND FOR REFUSING DISCHARGE.

 Where a financial statement made by bankrupt to his bank at the bank's request, and relied upon in extending further credit, omitted an indebtedness of several thousand dollars to relatives, and understated the amount due on open accounts more than 50 per cent., it must be presumed to have been intended to deceive the bank, and warrants refusal of a discharge.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

In the matter of Charles B. Cleland, bankrupt. Bankrupt's petition for discharge was resisted by the Iowa Loan & Trust Company. From an order refusing discharge, the bankrupt appeals. Affirmed.

S. G. Van Auken, of Des Moines, Iowa, for appellant.

George F. Henry, of Des Moines, Iowa (Ward C. Henry and Phineas M. Henry, both of Des Moines, Iowa, on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and YOUMANS, District Judge.

CARLAND, Circuit Judge. This is an appeal from a judgment refusing appellant a discharge in bankruptcy. The questions for decision are purely those of fact. The denial of a discharge was based upon the fact that the appellant had obtained money from appellee on credit upon a materially false statement in writing, made for the purpose of obtaining such credit. Section 14b(3), Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 550 [Comp. St. § 9598]). The clear preponderance of the evidence shows, in our opinion, the following facts:

On May 22, 1916, appellant presented to appellee at its request a statement in writing of his financial condition for the purpose of pro-

curing credit, which was false in regard to two items under the head of "Liabilities." The two items were "Bills payable" and "Open accounts." These items were false, in that under the former a note due to appellant's brother for $2,500 and a note due his wife for $1,890 were not included, and the amount of the open accounts was said to be $4,200, when it should have been $9,000. On the day the statement was delivered to appellee the appellant obtained a loan from it for $1,000, giving his promissory note therefor. Appellee believed the statement was true and relied upon it in making said loan. The appellant before the special master gave testimony tending to show that the financial statement was not delivered to appellee until after appellant had been given credit for $1,000 on his passbook and he had signed and delivered his promissory note. This seems to be the only substantial conflict in the evidence.

We are of the opinion that the conclusion reached by the District Judge, to the effect that the financial statement was delivered to appellee prior to the making of the loan, is correct. Opposed to the testimony of the bankrupt upon this point is the testimony of Mr. Aldridge, assistant secretary, Mr. McKee, vice president, and Mr. Hippe, president, of appellee. The testimony of appellant, given at the first meeting of creditors, when presumably the importance as to the time the financial statement was delivered did not appear to him, shows that at that time he was unable to say whether the statement was given before or after the loan was made. Appellant already owed appellee, at the time the statement was given, $7,500, which was stated correctly in the financial statement. The cash balance on deposit was also given in the financial statement as $50, when at the time the loan was made appellant was credited with $1,000 cash and about $800 of a deposit made that day. This fact strongly supports the contention that the statement was given before the loan was made.

The special master was of the opinion that a discharge should be granted, for the reason that he was unable to believe that the appellant intended by the false statement made to deceive the appellee, and appellant testifies himself that the omissions were inadvertent, and that he had no intention to deceive. But the statement was made for the appellee to act upon, and the appellant must be held to have intended the natural and ordinary results which would flow from his false statements. There is nothing in the evidence which shows that appellant was by reason of physical or mental disability unable to fully comprehend the purpose of a financial statement and to prepare the same intelligently. There was also evidence tending to show that appellant was overdrawing his account at about the time the financial statement was given, and that said statement had been requested by Mr. Aldridge and a blank form left with appellant to be filled out. There is also evidence that appellee would not have made the loan of $1,000 if the statement had shown the omitted items.

The fact that appellant gave appellee a general lien upon his deposit, and also assigned to it a certain option on real estate, about four days prior to the day of the financial statement, does not alter the facts with reference to the financial statement. The appellee had a right to rely

upon them all. The granting of a general lien upon appellant's deposits did not give appellee anything that it did not already have under well-known principles of law. The assignment of the option contract, which called for the payment of $50,000 before anything could be realized upon it, could not, in the very nature of things, have been very much relied upon. The omission from the statement of the amounts owing to relatives bears strongly upon the question of fraudulent intent. In re Brener (D. C.) 166 Fed. 930; In re Miller (D. C.) 192 Fed. 730; In re Koelle (D. C.) 171 Fed. 257; In re Augspurger (D. C.) 181 Fed. 174; In re Simon (D. C.) 201 Fed. 1004, 1009.

Without discussing the case farther, we are satisfied that the District Judge reached the right conclusion, and the judgment is affirmed.