## ROBINSON v. J. R. WILLISTON & CO.

### In re ROBINSON.

(Circuit Court of Appeals, First Circuit. August 30, 1920.)

#### No. 1440.

1. **Bankruptcy** ☞407(5)—**Materially false statement in writing, barring discharge, not created by inference alone.**

   While a materially false statement in writing, barring bankrupt's discharge, cannot be confined to a financial statement, but may include a statement for the purpose of obtaining money or property on credit, such false statement should not be created by inference alone from acts of the bankrupt.

2. **Bankruptcy** ☞407(1)—**Discharge to be denied only for reasons specified in Bankruptcy Act.**

   A discharge should not be denied a bankrupt, unless for reasons specifically stated in Bankruptcy Act (Comp. St. §§ 9585–9656).

3. **Bankruptcy** ☞407(5)—**Giving worthless check not making "materially false statement in writing."**

   The giving of a check on a bank in which the account of the bankrupt has been overdrawn does not constitute a "materially false statement in writing," within Bankruptcy Act (Comp. St. §§ 9585–9656), relating to denial of discharge.

   [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Materially False Statement.]

Appeal from District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

In the matter of Henry E. Robinson, bankrupt. From a decree denying the discharge of said bankrupt, on objection of J. R. Williston & Co., he appeals. Reversed.

See, also, 256 Fed. 55.

Alvah L. Stinson, of Boston, Mass., for appellant.

Lee M. Friedman, of Boston, Mass. (Percy A. Atherton and Friedman & Atherton, all of Boston, Mass., and Thomas P. McKenna, of New York City, on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The bankrupt was denied a discharge on the ground that he had "obtained money or property on credit upon a materially false statement in writing made by him" to the appellees, who were his creditors, for the "purpose of obtaining credit from them."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Other grounds of objection to the bankrupt's discharge were that he had, "with intent to conceal his financial condition, destroyed or concealed such records as he had, returned checks, duplicate bank deposit slips, receipted bills, and other books, documents, letters, papers, or memorandum from which said condition might be ascertained," and that he had committed an offense punishable by imprisonment under the acts of Congress relating to bankruptcy.

Both the referee and the learned judge of the District Court have found that none of these objections were sustained by the evidence. We are satisfied with these findings. In regard to the objection based upon the bankrupt having made a "materially false statement in writing," the referee and District Judge were not in accord, the referee having found that a check given by the bankrupt to J. R. Williston & Co., drawn upon the International Trust Company of Boston, where he had no funds and his account was overdrawn, was not a "materially false statement in writing," contemplated by the Bankruptcy Act, and the learned judge having found that a check given under these conditions constitutes a "materially false statement in writing." Both have found that the bankrupt obtained money or property on credit by means of said check, and that it was given to J. R. Williston & Co. for the purpose of obtaining credit from them.

The question presented for our consideration, and the only one which we find it necessary to consider, is whether the giving of a check upon a bank in which the account of the maker has been overdrawn constitutes a "materially false statement in writing," as contemplated by the act, so that his discharge should be denied him.

The legislative history of the amendment of 1910 to the Bankruptcy Act, by which section 14b 3 (Comp. St. § 9598), was inserted in its present form, shows that Congress had in mind by a "materially false statement in writing" the statement of the debtor's financial condition which he might make for the purpose of obtaining money or property upon credit. The House of Representatives adopted in 1910 an amendment which would make general statements in writing made to mercantile agencies, if materially false, a bar to the discharge of the bankrupt; but the Senate refused to concur in this amendment, and substituted an amendment of its own, in which the House concurred, and which is as follows:

"Or (3) obtained money or property upon credit upon a materially false statement in writing made by him to any person or his representative for the purpose of obtaining credit from such person."

In its report the Senate Judiciary Committee stated that it considered the House amendment too harsh, and that "any tendency to make the Bankruptcy Act unduly harsh is to be avoided."

[1] We agree with the learned District Judge that a "materially false statement in writing" cannot be confined to a financial statement made by the bankrupt, or a statement of his financial condition, and that it may include any "materially false statement in writing" made by the bankrupt for the purpose of obtaining money or property on credit and by which said property or money is obtained; but we think such

false statement should not be created by inference alone from acts of the bankrupt.

In re Oliner et al. (C. C. A. 2d Circuit) 262 Fed. 734, the following headnote is fully sustained by the opinion:

"The provision of Bankruptcy Act, § 14b (3), Comp. St. § 9598, authorizing refusal of discharge to a bankrupt who has 'obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit,' especially in view of its legislative history, is not to be extended by construction."

And again in the same circuit (In re Rosenfeld, 262 Fed. 876, 878) the court said:

"The Bankruptcy Act is very liberal towards the bankrupt as to his discharge, and the act in so far as it relates to his discharge is to be given a strict construction in favor of the bankrupt. The purpose of the act is to release honest debtors from the burden of their debts."

[2] We think this rule of construction is correct, and that a discharge should not be denied the bankrupt, unless for reasons specifically stated in the act.

Congress was very careful to provide that the statements which should constitute a bar to a discharge should not only be false and material, but that they should have been made in writing, so that the bankrupt might not be deprived of the benefit of a discharge by evidence of any alleged oral statements.

[3] Did the bankrupt in this case, by signing a check, which is simply a request to a bank to pay to the payee a certain sum of money upon its presentation, make any "materially false statement in writing"? It is true that a check purports to be drawn upon a bank where the maker has funds or credit, and from his act in giving the check this may be inferred. If the bankrupt had made an oral statement at the time the check was given, that it was good, or would be paid when presented, or that his account was overdrawn, but that he had made arrangements with the bank on which it was drawn by which it would be paid, none of these oral statements would have been a bar to his discharge.

We think it was the evident design of Congress to confine the objecting creditor to the limits of a specific statement in writing made by the bankrupt, and that such statement cannot be extended beyond the fair and necessary meaning. This is the view taken of this section by the Court of Appeals for the Eighth Circuit in International Harvester Co. of America v. Carlson, 217 Fed. 736, 133 C. C. A. 430. In this case the bankrupt had made a financial statement, and under the head of "assets" upon one page had listed certain property which he possessed and stated its value; and upon another page, under the heading of "business liability," there were numerous subheads, such as "Owing for merchandise, notes, or accounts past due, owing to banks, borrowed money other than bank, taxes, rent, or other bills payable," etc., and opposite these various items was a column for the insertion of the proper amount. He left the schedule of liabilities entirely blank in the statement, and it was contended that, because he had done so,

he had stated that he owed nothing that could properly come under either of these heads, whereas, in fact, he was indebted in considerable sums under each head; and the court said (217 Fed. at page 739, 133 C. C. A. 432):

"We do not think that an omission constitutes a 'material statement,' within the meaning of section 14 of the Bankruptcy Act. There is nothing in any other part of the form which declares that blanks unfilled are to be construed as representing that nothing is owing under the heading. A 'material statement' means, not a blank, nor an inference from a blank. There must be a direct statement, either negative or positive, which is false, to justify the denial of the bankrupt's discharge."

We think this is the correct construction to be placed upon this section. In Re Rea Brothers (D. C.) 251 Fed. 431, District Judge Bourquin held that a check drawn upon a bank where the maker had neither money nor credit, while a false representation, was not a false statement which will defeat the bankrupt's right to a discharge.

While we do not fully concur in the distinction, which is made by the learned judge, between a false representation and a false statement, we think the conclusion that he reached was right. No other reported case has been cited by counsel, and after a careful examination we have been unable to find one in which the exact question which we are considering has been before the court.

The decree of the District Court is reversed, with costs to the appellant in this court, and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.