## In re POWELL et ux.

District Court, D. Maryland. October 12, 1927.

No. 4393.

Bankruptcy ⊗⇒407(6)—Bankrupt's obtaining money by means of chattel mortgage on property he did not own held to bar discharge (Bankruptcy Act, § 14b [3] being 11 USCA § 32b [3]).

Bankrupt's obtaining money or property by means of a chattel mortgage given on property he did not own *held* to bar his right to discharge, under Bankruptcy Act, § 14b (3), as amended by Act June 25, 1910, § 6 (11 USCA § 32).

In Bankruptcy. In the matter of J. Thomas Powell and wife, bankrupts. On review of findings of special master on petitions for discharge. Reversed, and petitions dismissed.

Brodnax Cameron, of Baltimore, Md., for bankrupt.

Harvey C. Bickel, of Baltimore, Md., for objecting creditors.

COLEMAN, District Judge. This case arises upon specifications filed in objection to the bankrupts' discharge, on the ground that the bankrupts (man and wife) gave, as security for a loan, a chattel mortgage on certain property which they did not own, and knew they did not own, at the time. Upon

reference to the special master, these facts were found to be true; but nevertheless the special master, in his report, recommended that the bankrupts be discharged, in view of the decision in the case of In re Hudson, 262 F. 778, from the District Court for the Southern District of Alabama.

Section 14b (3) of the Act of July 1, 1898, as amended by the Act of June 25, 1910, § 6 (11 USCA § 32), provides that a discharge shall be granted, after a hearing, unless the bankrupt has "obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person."

By the Act of May 27, 1926, section 14b (3) was further amended to read as follows: "Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition." Whether the substitution of the closing phrase, "respecting his financial condition," which is the only change pertinent to the present issue, for the words "for the purpose of obtaining credit from such person," has had the effect of narrowing the meaning of "a materially false statement," we need not here decide, because the giving of the mortgage, the adjudication, and application for discharge all antedate, and are not affected by, this latest amendment. Act of May 27, 1926, § 18.

Before the act of 1910 "money" was not included in this wording, and there was consequently some confusion as to whether "property" should be construed so as to include money. By In re Pfaffinger (D. C.) 154 F. 528, it was held, under this section, that money was not included, and thus a discharge would not be denied because money was obtained by a false statement in writing. In Pirie v. Chicago, etc., Trust Co., 182 U. S. 438, 21 S. Ct. 906, 45 L. Ed. 1171, on the other hand, the court, in construing section 60 (11 USCA § 96) on the matter of preferences, said in general terms that "property" in the act must necessarily include "money."

Since the amendment of 1910, it is clear that false financial statements, inducing loans of money, present a proper case for the denial of a discharge. Cleland v. Iowa Loan & Trust Co. (C. C. A.) 260 F. 653; In re Day (D. C.) 268 F. 871. See Collier (13th Ed.) p. 551. The last-cited case approves In re Hudson (D. C.) 262 F. 778, upon which the special master relies, and in which the bankrupt, in order to secure a loan, evidenced by notes, fraudulently gave the creditor a mortgage on a described automobile, which he did not own. The court, in holding that such conduct did not bar a discharge, said (page 779):

"Congress would scarcely have provided that a debt or liability created by a given state of facts should be a ground for objecting to a discharge, and at the same time have excepted the debt so created from the discharge when granted. It is manifest that these two provisions, if so construed, would be inconsistent, because, if an obligation so created was excepted from the discharge when granted, it could hardly be a ground for objecting to the granting of the discharge, which would not cancel or release such debt or liability."

But I am not impressed with the distinction sought to be made by these cases. The statute refers to any "materially false statement in writing," and I cannot see but that a false chattel mortgage, being in writing, falls within the definition, just as does a false statement of assets generally. Bad check cases are to be distinguished. A check is not a statement in writing. See Robinson v. J. R. Williston & Co. (C. C. A.) 266 F. 970; In re Rea Brothers (D. C.) 251 F. 431. In the former case, it was said (pages 971, 972):

"We agree with the learned District Judge that a 'materially false statement in writing' cannot be confined to a financial statement made by the bankrupt, or a statement of his financial condition, and that it may include any 'materially false statement in writing' made by the bankrupt for the purpose of obtaining money or property on credit and by which said property or money is obtained; but we think such false statement should not be created by inference alone from acts of the bankrupt."

Nor do I think it sufficient to say that, since the creditor will be protected under section 17 (2), 11 USCA § 35, the discharge should be allowed. That section is for the benefit of creditors, and to be invoked by them after the bankruptcy court has completed its work. It and section 14b (3) are not mutually exclusive. Any other construction of the act in its relation to the present case would seem to modify that requirement of entire honesty upon which a bankruptcy court should at all times insist. A discharge is a privilege granted by the act. One who seeks thereby to avoid his debts must comply strictly with its provisions.

The findings of the special master are therefore reversed, and the petitions for discharge dismissed.