In re CURRENT.

CURRENT v. LORING.

No. 4839.

Circuit Court of Appeals, Seventh Circuit.
Feb. 24, 1933.

Rehearing Denied April 4, 1933.

A. B. Dennis, of Danville, Ill., for appellant.

A. L. Vollborn, Jr., of Danville, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellant, a bankrupt, filed a petition for a discharge of his debts. Appellee, a creditor, objected thereto. The referee, after hearing the evidence, reported unfavorably on the application. The District Court reviewed the report of the referee and sustained the objection to the discharge on the ground that appellant "obtained an extension or renewal of credit, by making * * * a materially false statement in writing respecting his financial condition."

The evidence showed appellant to have

been engaged in the grain business and a borrower from the Illiana State Bank at State Line, Indiana, in a sum equal to the amount the bank could loan one individual. Through the aid of the cashier of the bank, appellant borrowed from appellee $2,000 on his note which was signed by his brother and his son. When this note matured, the cashier presented a $2,000 renewal note to the bankrupt to be signed by him and his brother. Appellant signed his own name and forged that of his brother to the note. The cashier defaulted and the bank closed, but not until the renewal note was delivered by the cashier to appellee in exchange for the maturing note.

An issue of fact must first be determined. Was the cashier acting for the bank, or for the appellant to secure a loan, when he took the note knowing the signature of appellant's brother to have been forged? The court found ·that he .was representing appellant. The evidence sustains this finding. Although the bank was named as payee, the new note replaced one of the same amount previously given by appellant to appellee.

A closer question arises over the application of section 14 (b) (3) of the Bankruptcy Act, 11 USCA § 32 (b) (3), which affords the only basis for withholding a discharge to appellant in this case. Did appellant obtain "an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition" when he, through his agent, presented the forged note to appellee? He obtained credit by making a materially false statement in writing when he caused to be presented to the loaner a forged promissory note. Was it, however, in respect to "his financial condition?"

Congress has specifically provided for the bankrupt's discharge of his debts after an adjudication .in bankruptcy, unless he has committed one of seven enumerated acts, any one of which will defeat his right to a discharge. The third enumerated act is described thus:

"* * * Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing *respecting his financial condition* * * *."

This subsection was amended May 27, 1926, and among other changes the italicised words were added. In order that the bankrupt's false statement in writing may be a valid ground for refusing a discharge, it must appear that such written false statement be made "respecting his financial condition." The presentation of a note apparently signed by a responsible third party would, we think, hardly be in reference to the bankrupt's financial conditon, as that phrase is here used. It is a representation that the bankrupt enjoys the backing of a responsible party, which fact indicates the existence of credit. However, the phrase "respecting his financial condition" limits and restricts the false statement which may defeat the discharge. In short, the false statement must be in respect to the bankrupt's financial condition. Even before the amendment to this subdivision, the courts had given the term "materially false statement" a narrow meaning. Robinson v. J. R. Williston & Co. (C. C. A.) 266 F. 970; In re Rea Bros. (D. C.) 251 F. 431.

Moreover, subdivision (2) of this section (section 14b, of the act, 11 USCA § 32 (b) (2) used the same phrase "financial condition" in such a way as to leave no room for doubt as to its meaning. Such being the fair interpretation of the statute, courts are not at liberty to extend the meaning of the words to cover a particular case which might well have been included.

The decree is reversed, with directions to the District Court to grant appellant a discharge.