**In the Matter of Aaron S. FREUDMAN, Bankrupt.**

United States District Court
S. D. New York.
June 1, 1954.

Lyman Stansky, New York City, for trustee, and Trustee pro se.

Sidney M. Wittner, New York City, for bankrupt.

DIMOCK, District Judge.

The bankrupt petitions for review of the referee's order denying his discharge and for review of the referee's order denying his motion for a new trial of the issue of his discharge. He urges that the referee erred as a matter of law in denying the discharge so that the discharge should be granted by this court and that, at the least, a new trial be granted.

■■ The discharge was denied on the ground that the bankrupt has "obtained money * * * on credit * * * by making * * * a materially false statement in writing respecting his financial condition" within the meaning of § 14, sub. c (3) of the Bankruptcy Act, 11 U.S.C. § 32, sub. c (3).

The bankrupt obtained a loan from one Tenney after furnishing Tenney with a statement reading as follows:

"Mr. Jerry M. Tenney
"535 Fifth Avenue
"New York City

"Re: Premises—223 E. 59th Street, New York City

"Dear Sir:

"This is to advise you that the above premises, which are owned by Deena Edith Freudman, who is my mother, are hereby assigned to you.

"I have authorization in writing, in recordable form to execute any deed or mortgage with respect to the above premises.

"This is to further advise you that pending the repayment to you of the sum of $3600.00, which you have this day loaned to me, the above premises will not be transferable, conveyed or encumbered, or in any manner to become affected by any liens or encumbrances, and that all operating expenses, including taxes will be paid when due.

"Furthermore, upon demand of deed to the premises or a mortgage thereto will be executed by me as attorney-in-fact, for the owner, in proper and recordable form.

"It is understood also that this loan to me is made for and on behalf of the said premises with full notice and knowledge thereto by Mrs. Deena Edith Freudman, my mother, and that you rely upon the representation herein for the making of such loan.

"This deed is to serve as additional security to that mentioned as per letter of May 24, 1951, from Aaron S. Freudman to Jerry M. Tenney.

"Dated: May 25, 1951.
                    "Aaron S. Freudman"

---

The writing, on its face, was a straightforward enough statement that the bankrupt had power to execute in recordable form a deed or mortgage of his mother's property and that she knew that he was assigning it as security for the loan from Tenney to him. The truth is that he had no such power and that his mother did not know of his attempt to use her property as security.

Referee Stephenson in denying the discharge said:

"The issue on which the testimony is conflicting is whether, ultimately, Tenney, who made this loan, relied on this representation. Freudman's testimony is that all of this statement was a lie and that he told Tenney and others working with Tenney that it was a lie and not true. The testimony of Malakoff and Haimowitz is the other way: that Tenney relied upon the truth of the statements made in Exhibit 1 in extending the loan and that they did not know and were not informed that all the statements were a lie. The question is: Which one is telling the truth there? In judging the truth of the witnesses' testimony, I am governed largely by their appearance and manner in testifying, as well as other facts showing the actions of the witnesses in past transactions

that bear upon their honesty and fair dealing. Haimowitz I believe told the truth completely except for some little errors that he made which were irrelevant and which were corrected. Tenney told the truth in so far as he said he relied upon the statement in lending the money. And Malakoff told the truth in his testimony. Freudman's appearance was good. His manner was such that he misled Haimowitz, and the history of his dealings shows that he does not have much regard for the truth, and that his testimony in this proceeding is not reliable. I do not believe it is the truth. He is a man of education, he has conducted business transactions, and when, in 1950, 1951, and later, he borrowed money from Charter Factors Company, he borrowed it, as he knew, upon the strength of a representation, made under oath by him, that the property which he gave as security, consisting of furniture, was his own. In fact, it was not his own, it belonged to his wife, and he knew it belonged to his wife. And it makes no difference that his wife told him that he could pledge that property for the loan, because he knew that in making that representation and lending the money they depended upon the truth of this affidavit, and he never told them at any time that this property was not his, that it was his wife's.

"Furthermore, he lied again to this trustee, who then represented one of his creditors, when the question came up regarding a payment to one of the trustee's clients, and Freudman told him that certain real estate, this property at 223 East 59th Street, was in his wife's name, and when he was asked, 'Well, if that is so, if your wife is willing to give a mortgage, let her give it,' he then gave some excuse that she could not do it. He did that simply to put off people who attempted to collect what he owed them, knowing that he was lying at the time.

"He knew all the time that he did not own this real estate, he knew he had no power of attorney by which he could make a deed to it in recordable form, and yet he used that representation in order to obtain this money on credit.

"The specification numbered 15 is sustained. The bankrupt is denied his discharge. Settle on notice findings of fact, conclusions of law, and order."

There was much to be said for the theory that the paper was extracted from the bankrupt for use as a club rather than for use as an assignment, but I cannot say even that the evidence preponderated that way. The issue was squarely presented to the learned referee and he saw and heard the witnesses. I have no justification whatever for revising his decision.

■ The bankrupt's motion for a new trial was based upon alleged newly discovered evidence bearing on the trustworthiness of the witnesses Tenney and Malakoff. Again I feel bound by the referee's decision. He, better than anyone else, knew to what extent his estimate of the character of these witnesses affected his determination in denying the discharge. Certainly I cannot say that he abused his discretion in refusing a new trial.

Since my determination on the merits must be against the petitioner, I do not consider the points made by the trustee as to the reviewability of the orders or the sufficiency of the petition.