**Peter Cottrell SCOTT, Appellant,**

v.

**Norma SMITH, Appellee.**

No. 14834.

United States Court of Appeals
Ninth Circuit.

March 21, 1956.

Fred A. Wool, Donald B. Richardson, San Jose, Cal., for appellant.

Liston O. Allen, Amanuel P. Razeto, Oakland, Cal., for appellee.

Before McALLISTER and FEE, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

This is an appeal by the bankrupt from an order of the District Court confirming an order of the Referee denying the bankrupt a discharge. Bankruptcy Act, §§ 2, sub. a(10), 24, 11 U.S.C.A. §§ 11, sub. a(10), 47.

Following adjudication of appellant as a bankrupt upon his voluntary petition, appellee in due course filed objections to the bankrupt's discharge pursuant to § 14, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. b, upon three grounds:

(1) That appellant had made certain transfers to his wife within "the twelve months immediately preceding the filing of the petition in bankruptcy * * * with intent to hinder, delay, or defraud his creditors", Bankruptcy Act, § 14, sub. c(4), 11 U.S.C.A. § 32, sub. c(4);

(2) That appellant had, some years prior to bankruptcy, obtained $5,000 from appellee by "publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition", Id. § 14, sub. c(3); and

(3) That appellant has "failed to explain satisfactorily" a certain loss. Id. § 14, sub. c(7).

The claimed facts giving rise to each of the three grounds of objection were alleged, but it will serve no useful purpose here to state more with respect to the first and third than that the Referee failed to make any findings as to those.

In response to allegations as to the second ground of objection the Referee, after a hearing, made the following findings: "On or about February 1, 1945, the bankrupt obtained money, to wit: $5,000.00 from Norma Smith, the objector herein, by publishing or causing to be made or published a materially false statement in writing respecting his financial condition, to wit: that in order to obtain the said loan of $5,000.00

he falsely stated in writing that said loan was secured by a deed of trust of even date with note whereas he knew at all times that said loan was to be unsecured and that the lender, Norma Smith, relied and believed in said representation in advancing said $5,000.00."

Upon these findings the Referee predicated his order denying a discharge, and the District Court, upon review, confirmed the findings and order.

The uncontradicted evidence shows that the allegedly false statement in writing respecting the bankrupt's financial condition was contained in the words: "This note is secured by a Deed of Trust bearing even date herewith", typed by the bankrupt on the face of his promissory note given to appellee to evidence the $5,000 loan; and that while the bankrupt did then own residential property, already encumbered, no deed of trust "bearing even date herewith" ever existed as security for the note or otherwise.

It further appears without dispute that the bankrupt orally represented to appellee that he would secure the note evidencing the $5,000 loan with a deed of trust on his residential property; that appellee thereupon delivered to the bankrupt her check for the amount of the loan; and that a few days later the bankrupt delivered to appellee the note bearing the representation in question.

In support of his appeal from the District Court's order, the bankrupt in effect advances three contentions:

*First:* that the challenged written statement is not a "statement respecting his financial condition" within the meaning of § 14, sub. c(3), 11 U.S.C.A. § 32, sub. c(3);

*Second:* that any statement respecting his financial condition which may reasonably be inferred was not false; and

*Third:* that in any event the proceeds of the loan were "obtained" in advance of the making or publishing of the statement set forth on the note, and so the money may not be held to have been "ob-

tained \* \* \* by making or publishing \* \* \* a materially false statement in writing respecting his financial condition". [Ibid.]

Implicit in the statement that: "This note is secured by a Deed of Trust bearing even date herewith," are these representations:

(a) that the bankrupt then owned or controlled property or an interest in property of some value covered by his deed of trust securing the note, or owned or controlled an existing deed of trust of some value available as collateral to secure the note; and

(b) that some such deed of trust was then in some manner so hypothecated as to secure the note.

■ The bankrupt's implied representation (a), that he then had some ownership or control of property or of an existing deed of trust available for hypothecation by him, amounts to a statement "respecting his financial condition." See: In re Freudman, D.C.S. D.N.Y., 1954, 130 F.Supp. 701, affirmed 2 Cir., 1955, 222 F.2d 369; In re Powell, D.C.D.Md., 1927, 22 F.2d 239.

■ But it is equally clear that this representation was not false at the time made. For the record discloses without contraversion that the bankrupt did then own certain residential property, already encumbered to be sure, but nonetheless with an equity of some value, available to be covered by a deed of trust.

The other implied representation (b), that some such deed of trust did secure the note, though admittedly false, does not amount to a statement respecting the financial condition of the bankrupt. In re Vamos, D.C.S.D.N.Y., 1935, 14 F. Supp. 700, 701, affirmed, 2 Cir., 1936, 83 F.2d 1022.

Hence the second ground of objection —the sole ground upon which the Referee chose to rest his order denying the discharge—is not sustained.

■ This holding does not imply of course that the bankrupt can ever win a discharge as to his indebtedness to ap-

pellee on the $5,000 loan. Representing as it apparently does a liability of the bankrupt "for obtaining money by false pretense or false representations", it would seem to fall within the exclusionary provisions of § 17, sub. a(2) of the Act. 11 U.S.C.A. § 35, sub. a(2).

The conclusions we have reached render unnecessary any expression of opinion as to appellant's remaining contention: that the money was "obtained" as a separate transaction, prior to the "publishing" of the statement.

Since the District Court may wish to recommit the proceedings to the Referee for further hearing on the first and third objections interposed by appellee to appellant's discharge, the findings and the order appealed from are vacated and the cause remanded for further proceedings not inconsistent with this opinion.