**Matter of Joseph STEIN formerly doing business as Stein Refrigeration Co., Bankrupt.**

**No. 53088.**

United States District Court
E. D. New York.

Oct. 3, 1958.

Louis P. Rosenberg, Brooklyn, N. Y., for bankrupt.

Michael Berman, New York City, for objecting creditor.

RAYFIEL, District Judge.

The bankrupt herein has petitioned this Court to review an order of Hon. Louis J. Castellano, Referee in Bank-

ruptcy, dated May 26, 1958, denying him a discharge.

The objecting creditor, one Clement J. Lipman, had filed six specifications of objections to such discharge on August 10, 1956, and, pursuant to notice thereof, filed an additional specification of objection on November 21, 1956, the date scheduled for the hearing thereon. Hearings were held on that date and on several dates thereafter, and on May 22, 1958, Referee Castellano made his decision, and on May 26, 1958, his order, sustaining specification No. 3, overruling the remaining specifications, and denying the bankrupt a discharge.

It is my opinion that the learned Referee erred in denying the discharge. Specification of objection No. 3 charges, in substance and in pertinent part, that on or about September 6, 1955, the bankrupt obtained an extension or renewal of credit by making a materially false statement in writing respecting his financial condition and that of Kinetherm Corporation, of which he was a stockholder, officer and director, to the effect that certain accounts receivable of said corporation, which had theretofore been assigned to the objecting creditor as security for the repayment of a loan to it, were still unpaid, whereas in truth and in fact none of said accounts was then indebted to the corporation.

The allegedly false statement upon which the objecting creditor relies is an agreement (Exhibit 6 at the hearing) dated September 6, 1955, between the bankrupt, Kinetherm Corporation and Lipman, wherein Kinetherm and the bankrupt acknowledge the former's indebtedness to Lipman in the sum of $9,-000, secured in part by the assignment of certain accounts receivable, a schedule of which is annexed to and forms a part thereof, and agree, in consideration of Lipman's forbearance from notifying said accounts of such assignment, not to retain the proceeds of said accounts, but to turn the same over to Lipman.

The Referee found, inter alia, that the bankrupt was the President of Kinetherm, and a stockholder and director thereof, and that the aforementioned agreement (Exhibit 6), while referring to accounts receivable of the corporation, was likewise a statement of the bankrupt's financial condition since it reflected the value of his stock interest therein. He found, further, that the said statement was materially false in the respects claimed by the objecting creditor, and that the corporation *and the bankrupt* had obtained an extension of credit by means thereof.

Section 14, sub. c(3) (Section 32, sub. c(3) of Title 11 U.S.C.A.) provides, in substance and in pertinent part, that a discharge shall be granted unless the bankrupt has obtained an extension or renewal of credit by making a *materially false statement in writing respecting his* financial condition. (Emphasis added.) A reading of Exhibit 6 will clearly show that it is not a statement of the financial condition of the *bankrupt*. The Referee stated in his decision that "it has been held that a bankrupt's discharge may be barred where he signs a statement and credit is given or extended to a corporation of which he is an officer or stockholder." That is quite true if the stock interest of the bankrupt is very substantial. In the case of Levy v. Industrial Finance Corp., 4 Cir., 16 F.2d 769, upon which the learned Referee relied, the bankrupt owned or controlled more than two-thirds of the capital stock of the corporation involved. In in Re Leichter, 3 Cir., 197 F.2d 955, certiorari denied Dworsky v. Leichter, 344 U.S. 914, 73 S. Ct. 336, 97 L.Ed. 705, and in other cases, it has been held that in order to justify the denial of a discharge, the bankrupt must be found to have been the sole or *controlling, or at least a large stockholder* of the corporation in question. A reading of the transcript of the hearings held in the instant case reveals no evidence whatsoever that the bankrupt was a stockholder of Kinetherm.

The record discloses that the accounts receivable of the corporation, including those referred to in the 3rd specification of objection herein, had been assigned to Lipman pursuant to an agreement made

on or about June 1, 1955, and that thereafter he was an officer and director of Kinetherm, whose books and records were available to him. He testified that he attended the office of the corporation almost every day.

While I have no doubt as to the impropriety of the bankrupt's conduct in collecting two of the accounts receivable, and failing to account therefor, it would appear that such action does not justify the denial of his discharge. Robinson v. J. R. Williston & Co., 1 Cir., 266 F. 970; In re Current, 7 Cir., 63 F.2d 640.

Accordingly, the order of the Referee is reversed and the bankrupt is granted his discharge.