Albert E. OBRIST, Appellant,

v.

Charles H. CHRISTENSEN, Appellee.

No. 19205.

United States Court of Appeals
Ninth Circuit.

Sept. 16, 1964.

Marvin S. Nepom, Paul R. Meyer, Kobin & Meyer, Portland, Or., for appellant.

Francis E. Marsh, Eugene E. Marsh, Marsh, Marsh, Dashney & Cushing, McMinnville, Or., for appellee.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

CHAMBERS, Circuit Judge:

At issue here is the question of whether Christensen should have his general discharge in bankruptcy. The district court has affirmed the referee and has held that he should. Obrist, a creditor, appeals.

Prior to adjudication of bankruptcy, Christensen gave Obrist "bad checks," not honored by the bank because of insufficient funds in the drawer's account, in exchange for cattle. The checks were issued on different dates. Obrist contends to prevent a general discharge, as he must, that the checks were a false financial statement under 11 U.S.C. § 32 (Section 14 of the Bankruptcy Act).

Section 32, general discharge, is not to be confused with debts not discharged by a general discharge, 11 U.S.C. § 35 (Section 17 of the Act). No question under Section 35 is before us. That is not the issue.

The few cases in the field are squarely against the appellant. See In re Robinson, 1 Cir., 266 F. 970 and In re Rea Bros., D.C.Mont., 251 F. 431. Also, Scott v. Smith, 9 Cir., 232 F.2d 188, in our view upholds appellee.

Appellant believes there should be a different rule on an Oregon bad check because of ORS 165.225, which makes refusal to pay by the drawee bank prima facie evidence of fraud of the drawer. We think that section does mesh with Section 35, but does not make a check a financial statement. While obviously a financial statement need not be preceded by a recital of, "This is a financial statement," yet it ought to have some relation to the popular concept of what a financial statement is. We go so far as to say that this would not normally include a negotiable instrument.

It may be that Obrist has been grievously wronged, but his rights are not now and have not been under Section 32.

The order of the district court affirming the referee's order overruling the objections to the discharge is affirmed.