RICHLAND FARM BUREAU, APPELLANT, v. DURBIN, APPELLEE.

[Cite as Richland Farm Bureau v. Durbin, 8 Ohio App. 2d 312.]

(No. 969—Decided December 5, 1966.)

Mr. Joseph H. Ellison, for appellant.
Mr. James Corley for appellee.

McLAUGHLIN, J. This appeal on questions of law involves the question of whether a general discharge in bankruptcy releases the debt of "bad checks" given as payment for merchandise upon delivery. The parties are here referred to as plaintiff and defendant.

Prior to being adjudicated a bankrupt, the defendant gave to the plaintiff two "bad checks" for two loads of gasoline. The checks were not honored because of insufficient funds.

At issue here is the question whether the defendant's gen-

eral discharge in bankruptcy places the debt of the two dishonored checks uncollectible within the exception of Section 17 of the Bankruptcy Act (Section 35, Title 11, U. S. Code).

Plaintiff sued on an account for the gasoline and alleged that the "bad checks" constituted the obtaining of money or property by false representations or false pretenses. The answer pleaded the general discharge in bankruptcy.

The trial court held for the defendant saying, in effect, that *Obrist* v. *Christensen*, 337 F. 2d 220, was dispositive of the case.

*Obrist* is not in point. In it no question of Section 17 of the Bankruptcy Act was involved. There was only the question of Section 14 of the Act (Section 32, Title 11, U. S. Code) concerning general discharge. Section 14, General Discharge, is not to be confused with Section 17 and that part thereof which enumerates certain kinds of debts not released by a general discharge.

Section 17 of the Act (Section 35, Title 11, U. S. Code), in pertinent part, provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, * * *."

We find no Ohio or Federal Reporter case directly in point. Our research has disclosed an obiter, which we here adopt, in the case of *In re Rea Bros.* (1917), 251 F. 431, the first paragraph of the headnotes of which reads:

"The giving by a brankrupt, in payment for property bought, of a check on a bank where he had neither money nor credit, while a false representation, was not a 'false statement * * * made * * * for the purpose of obtaining credit,' * * *."

In the body of the opinion, at page 432, we find the following:

"* * * The check is a false representation that the makers had sufficient money on deposit or had otherwise arranged so that the check would be paid on presentation, but is not a 'false statement,' within section 14, and as herein defined.

"* * * A sale for payment by check on delivery is so far a cash sale that it is not within section 14, though quasi credit is involved to the extent of the time to present the check for

payment. *It is apparent Congress distinguishes between the false statements* and credit *that defeat discharge of the bankrupt, and the false representations* and credit *that defeat discharge of a debt.* Here is of the latter type." (Our emphasis.)

It is apparent that the trial court did not decide the real issue in this case, that being whether these "bad checks" are liabilities for obtaining money or property by false pretenses or false representations.

Ohio bad checks are subject to Section 1115.23, Revised Code, which makes refusal to pay by the drawee bank "primafacie evidence of intent to defraud and of knowledge of insufficient funds in, or credit with, such bank or depository."

An examination of the transcript, pleadings and journal entries in this case shows that the court stated, "that the case came on to be heard on the pleadings *and the evidence presented by both parties.*"

It was incumbent upon the defendant by reason of the prima-facie provisions of Section 1115.23, Revised Code, to overcome, by evidence, the prima facie case made by the plaintiff. We have no way of determining what the evidence was. However, it was incumbent upon the trial court to decide from the evidence whether or not these two "bad checks" constituted liabilities for obtaining money or property by false pretenses or false representations.

We find no such determination from the totality of papers before us. Therefore, this cause is remanded to the trial court for further proceedings according to law, and, particularly, for a finding from the evidence adduced on the question whether these two "bad checks" constituted liabilities for obtaining money or property by false pretenses or false representations, within the exception of Section 17 of the Bankruptcy Act (Section 35, Title 11, U. S. Code) and are barred thereby from collection.

*Judgment accordingly.*

RUTHERFORD, P. J., and VAN NOSTRAN, J., concur.