In the Matter of Henry Chong TENN, Bankrupt-Appellant,

v.

FIRST HAWAIIAN BANK, Creditor-Appellee.

In the Matter of Sylvia Tenn LUCK-FIELD, Bankrupt-Appellant,

v.

FIRST HAWAIIAN BANK, Creditor-Appellee.

Nos. 75-2452, 75-2453.

United States Court of Appeals, Ninth Circuit.

March 15, 1977.

Michael S. Nabi, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, for creditor-appellee.

Richard M. C. Lum, Honolulu, Hawaii, for bankrupts-appellants.

Before HUFSTEDLER, GOODWIN and ANDERSON, Circuit Judges.

OPINION

PER CURIAM:

Appellants Luckfield and Tenn appeal from orders denying them discharges in bankruptcy based upon determinations that both had obtained credit by publishing a false statement in writing respecting their financial condition in violation of 11 U.S.C. § 32(c)(3). On appeal they contend that

they did not fall within 11 U.S.C. § 32(c)(3) because: They did not meet the "engaged in business" requirement of the statute; the deed that they executed and recorded was not a false statement in writing respecting their financial condition within the meaning of the statute; and they did not fail to explain the loss of assets under the statute. Tenn also contends that he could not be denied a discharge by reason of his knowledge of or acquiescence in the false financial statement which Luckfield delivered to the First Hawaiian Bank.

On August 18, 1970, the appellants obtained credit from the First Hawaiian Bank ("Bank") in the amount of $105,219.16 to purchase a fleet of rental automobiles from another customer of the Bank. Prior to the extension of credit by the Bank, the appellants represented to the Bank that they were the owners of property located at 3755 Diamond Head Circle (the "Diamond Head property"), subject to a life estate in their mother. The Bank obtained a title report which showed that Tenn and Luckfield had undivided one-third and two-thirds interests, respectively, in the Diamond Head property, in which their mother had a life estate. The Diamond Head property had been conveyed to the appellants by their mother by a deed filed in the office of the Assistant Registrar of the Land Court of the State of Hawaii on December 30, 1966. Mrs. Luckfield also delivered to the Bank a financial statement dated as of July 27, 1970 which showed the net worth of Luckfield and her husband as $288,050. The major category of assets listed was under real estate owned with a value ascribed as $250,000 all of which was attributable to Luckfield's interest in the Diamond Head property. On September 9, 1971, a year after obtaining credit from the Bank, appellants recorded a deed reconveying title to the Diamond Head property to their mother. According to Luckfield, the Diamond Head property had always been owned by the appellants' mother and not by them.

In July 1972, First Hawaiian Bank sued Tenn and Luckfield in the state court of Hawaii to collect approximately $70,000 which was due and owing. A default judgment was entered against Tenn and Luckfield, and the sheriff was sent to levy upon the Diamond Head property. The September 1971 reconveyance of title to Tenn's and Luckfield's mother prevented the Bank from levying on this property. In November 1972, appellants filed voluntary petitions in bankruptcy. The Bank filed objections to discharge. The bankruptcy judge denied them a discharge and the district court affirmed.

Appellants face a heavy burden in attempting to overturn the denial of a discharge. The right to a discharge in bankruptcy is left to the sound discretion of the district court. The appellate court will not interfere except in a case of gross abuse of discretion. (*Briskin v. White,* 296 F.2d 132, 135 (9th Cir. 1961).) Findings of fact will not be overturned unless found to be clearly erroneous. (*Id.* at 135; *Hudson v. Wylie,* 242 F.2d 435, 450–51 (9th Cir. 1957).)

Appellants argue that the August 1970 loan was made to enable them to begin a car-rental business and therefore any false statement (*e. g.,* the financial statement filed by Luckfield on July 27, 1970) was made prior to the time they were "engaged in business" within the meaning of 11 U.S.C. § 32(c)(3). Although superficially logical, this argument runs counter to the policy behind the "engaged in business" requirement. The 1960 amendment to the Bankruptcy Act, which added this requirement, was intended to distinguish between commercial borrowers (who are more likely to be aware of the severe consequences of issuing a false financial statement) and non-commercial borrowers. (*See In re Butler,* 425 F.2d 47 (3d Cir. 1970); *In re Weiner,* 469 F.2d 987 (5th Cir. 1972).) Since appellants are business people who obtained a commercial loan, they were appropriately found to be "engaged in business."

We reject the appellants' contention that the deed was not a statement in writing respecting their financial condition. The bankruptcy judge and the district court

could appropriately find that the deed was false in that appellants' mother at all times owned the entire property, and her interest was not limited to a life estate. The appellants obviously intended the Bank to rely upon that false statement in order to extend them credit. The evidence is very clear that the Bank did precisely that when it made them the loan. We hold that appellants' recordation of the deed which they knew was false for the purpose of obtaining an extension of credit on the basis of an asset that they did not own was a false statement of financial condition within the meaning of 11 U.S.C. § 32(c)(3). (*Cf. Scott v. Smith,* 232 F.2d 188, 190 (9th Cir. 1956).)

Because we have decided that the recordation of the false deed was in and of itself enough to justify denying the discharge to both appellants, it is unnecessary for us to reach the remaining contentions of the parties.

AFFIRMED.