In re Richard J. MONTBLEAU, Debtor.

FAMILY FAIR, INC., Plaintiff,

v.

Richard J. MONTBLEAU, Defendant.

Bankruptcy No. 4–80–00623–G.
Adv. No. 4–80–0217–G.

United States Bankruptcy Court,
D. Massachusetts.

June 8, 1981.

Jordan H. Weinstein, Worcester, Mass., for plaintiff.

Bruce W. Newlands, Worcester, Mass., for defendant.

## MEMORANDUM AND ORDER ON A COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

PAUL W. GLENNON, Bankruptcy Judge.

The plaintiff has brought an action under the Bankruptcy Code § 523(a)(2)(A) [11 U.S.C. § 523(a)(2)(A)] to determine the dischargeability of a debt of $1500 owed to him by the defendant Richard J. Montbleau. The plaintiff alleges that the debtor, fraudulently secured property by means of a check which was subsequently dishonored. The debtor's use of a check which was returned "NSF" (not sufficient funds) is the basis of the plaintiff's claim of fraud.

### FACTS

In June, 1978, the plaintiff, Family Fair, Inc. ("Family Fair") approached the debtor, Richard J. Montbleau ("Montbleau"), d/b/a Sneaker Alley, with an offer to sell a lot of sneakers. The offer was for $1500, to be paid at the time of delivery. The offer was accepted by Montbleau, and on July 3, 1978, Family Fair delivered the lot of sneakers. Montbleau paid the driver by check dated July 3, 1978, drawn on the Worcester County National Bank ("Bank"). Family Fair deposited the check the same day and subsequently, the check was returned to Family Fair marked not sufficient funds (NSF). Family Fair never re-deposited the check, although it did make inquiries at the Bank concerning the status of defendant Montbleau's account.

The defendant stated that at the time he drew the check the records of his checking account indicated a sufficient balance to cover the check. He has also testified that he had outstanding loans with the Bank which included financing arrangements by which Montbleau had authorized the Bank to make withdrawals from his checking account. He stated that he was unaware that his checking account balance would not cover the check. After Montbleau was informed by Family Fair that the check had been returned by the bank, he asked the plaintiff to redeposit the check. He further testified that he made subsequent deposits to cover the check. Finally, Montbleau continued to do business at Sneaker Alley until the Bank took possession on September 1, 1978, due to default on the outstanding loans.

From the previous statements, I conclude that the plaintiff offered to sell to Montbleau a lot of sneakers, and that the offer required that Montbleau pay for the lot on delivery. The plaintiff specifically eliminated any offer of credit, but did not insist on a cash payment. Instead, the plaintiff accepted and deposited the defendant's check. The check was ultimately returned by the bank marked N.S.F., and there was no attempt by Family Fair to redeposit the check.

### DISCUSSION

The creditor who seeks to except a debt from discharge in bankruptcy under § 523(a)(2)(A) must show a false representation or false pretense of a kind involving moral turpitude or intentional wrong. Fraud implied in law which may exist without imputation of bad faith or immorality is insufficient. *In re Green*, 5 B.R. 247, 249 (Bkrtcy.1980). When a creditor claims that his duly scheduled debt should be exempt from the operation of discharge in bankruptcy because of false representation or pretense, he bears the burden of proof. *In re Houtman*, 568 F.2d 651 (9th Cir. 1978); *Sanitation Recycling, Inc. v. Jay Peak Lodging Association*, 428 F.Supp. 1022 (D.Vt.1977); *In re Taylor*, 514 F.2d 1370 (9th Cir. 1975).

The plaintiff here rested his claim of fraud solely on the issuance by the debtor of a check returned by the bank marked

N.S.F. The debtor has answered in court that he thought he had sufficient funds in his checking account to meet the obligation. There is no other dispute between them.

The issuance of a check marked N.S.F. has been held not to be a fraudulent misrepresentation which would operate to bar discharge of a debt in Bankruptcy. See, *In re Eason*, 1 B.R. 604 (Bkrtcy.E.D.Va.1979) (Debtor knowingly issued a check on an overdrawn account); and *Sanitation Recycling, Inc. v. Jay Peak Lodging Association*, 428 F.Supp. 1022 (D.Vt.1977) (Debtor's first check given as deposit on a lease was returned N.S.F.; debtor then issued a second check to cover the full amount of the lease which was also returned N.S.F.). Use of checks which have been returned N.S.F. has not been considered use of fraudulent financial statements defeating the right to discharge in Bankruptcy. See *Robinson v. J. R. Williston and Co.*, 266 F. 970 (1st Cir. 1920), rev'g. *In re Robinson*, 256 F. 55 (D.Mass.1919) and *In re Rea Bros.*, 251 F. 431 (D.Mont.1917). In this case, the plaintiff sought out the defendant and offered goods for sale. He stated terms of payment on delivery, but did not demand a cash payment or a certified check. The plaintiff alleged that the debtor knowingly and fraudulently issued a check when there was a lack of funds. The plaintiff has not shown upon the circumstances of the case or as a matter of law, that the debtor's writing of a check drawn on an overdue account was fraudulent. The plaintiff has failed to meet his burden of proof that the defendant Montbleau intentionally engaged in wrongful or fraudulent conduct sufficient to prevent discharge of the debt owed to Family Fair.