### In re JOHNSON.

#### (District Court, E. D. Pennsylvania. May 29, 1914.)

#### No. 4847.

BANKRUPTCY (§ 414*)—RIGHT TO DISCHARGE—BURDEN OF PROOF.
    Where a bankrupt schedules existing debts but no assets, the burden is on the creditors to establish one of the specific grounds specified in the act for denial of the discharge in order to justify such denial.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. § 414.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Joshua M. Johnson. On report of a referee recommending the bankrupt's discharge. Affirmed.

Albert L. Moise, of Philadelphia, Pa., for bankrupt.
John S. Freeman, of Philadelphia, Pa., for exceptants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DICKINSON, District Judge. This application for discharge on its special facts presents no questions of any difficulty. The case on its general facts is, however, typical.

The applicant for discharge was adjudged a bankrupt on his own petition. He accompanies it with a schedule of debts but none of assets. To grant him a discharge is therefore to take from his creditors their property existing in the form of the legal obligation of the debtor to pay his debts. Whatever practical value this species of property may have in a particular case, the legal right is everywhere regarded as a valuable one, of such importance indeed that the creditor cannot be shorn of this right even by the might of the sovereign states of the Union. The Congress of the United States alone has power to relieve the debtor of this burden of debt which he must otherwise carry for the benefit of his creditors. It follows therefore, upon every principle of legal right and legal justice, that no creditor should be forced by law to give up this or any other form of property or any legal right until his right conflicts with the countervailing right of the debtor to relief. The policy of the law, as declared by the Constitution and by the acts of Congress, which have been passed from time to time, in according to the debtor this superior right, is one whose wisdom could, if such vindication were called for, be easily vindicated. Notwithstanding the Bankruptcy Acts, however, enough of right remains in the creditors as that they should not lose this property unless and until the debtor is entitled under the law to a discharge. In passing upon this latter question a distinction on general principles should be made between voluntary and involuntary bankrupts. If a man be dragged by his creditors into the bankruptcy court and all control over his means of paying his debts be taken away from him by thus surrendering all he has to his creditors, he has prima facie paid the full price for his discharge. A different case is presented, however, when the debtor is himself the mover. Then a direct attack is made upon the right of the creditor, and if the bankrupt is without assets the creditor loses his legal right to payment and gets nothing. It does not follow from this that the debtor who has nothing is not entitled to a discharge. His very poverty may in fact supply the soundest reason for giving him relief It does follow, however, that on general principles he should not have his discharge unless that discharge is his legal right. This brings us to the question of prima facies. On whom is the burden, the bankrupt or the objecting creditors? Right here comes in another distinction that between principles of law which are merely principles or rules of procedure adopted to facilitate, or for the more orderly administration of, legal justice and principles of substantive right. Mere rules of procedure, however, may themselves be made the basis of substantive rights, and they then become principles of right themselves in the sense that the legal right arises out of them. In this sense the merest formality may rise to this importance that the legal right cannot exist until or unless there has been a compliance with the formality.

Applying these abstract principles practically to the facts of this case, we are confronted with the general question upon the answer to which

depends the action of the court in granting or withholding the discharge asked for. The question is this: Must the bankrupt satisfy the court that he has performed everything which the law requires of him to do and is guilty of none of the things which the law condemns, or is he entitled to his discharge as a legal right unless the objecting creditors fasten upon him the guilt of some act of commission or omission?

To answer this question we must turn to the act of Congress.

The pertinent provisions of the law are to the effect that:

(1) The judge shall hear the application and whatever may be urged in opposition, and shall investigate the merits of the application.

(2) The judge "shall discharge the applicant unless he has committed" certain specifically defined acts.

The facility with which discharges are obtained through bankruptcy courts presents the temptation to the weak and affords the opportunity to the unscrupulous to commit frauds. These frauds are so frequent and so notorious as to constitute a public scandal. If, however, the bankrupt has the legal right to a discharge, no judge can deprive him of a legal right or refuse to accord to him a legal due merely because the judge regrets that such legal right has been so lightly conferred. The provisions of the bankruptcy acts compel the conclusion that it is the will of Congress that bankrupts be discharged unless objections based upon the specific grounds set forth in the acts of Congress are made good. This narrows the inquiry to the question of whether the applicant for discharge has committed any of the prohibited acts.

Respecting this bankrupt, the referee has so fully considered and fairly discussed all the considerations which enter into the discussion of the points involved that nothing more is required than to give approval to his findings and to direct the order to be made which the referee recommends.

Let the applicant be discharged.