### LOCKHART v. EDEL et al.

Circuit Court of Appeals, Fourth Circuit. January 23, 1928.

No. 2653.

1. Bankruptcy 407(1)—To prevent discharge of bankrupt, there must be proof of specific ground within statute.

To prevent discharge of a bankrupt, there must be proof of some specific ground which comes within scope of act of Congress.

2. Bankruptcy ⬅404(1)—Statute relating to bankrupt's discharge cannot be extended by construction and must be construed liberally in bankrupt's favor.

Provisions of statute relating to bankrupt's discharge are not to be extended by construction, and are to be construed liberally in favor of bankrupt.

3. Bankruptcy ⬅407(6)—Amendment to Bankruptcy Act, in force when court passed on question of discharge, was applicable (Bankruptcy Act, § 14b, subd. 3, as amended by Act May 27, 1926, § 6 [11 USCA § 32]).

Bankruptcy Act, § 14b, subd. 3 as amended by Act May 27, 1926, § 6 (11 USCA § 32), requiring that false statement on which bankrupt obtained money or property on credit, which will bar his discharge, must be in respect to bankrupt's financial condition, in force at time court passed on question of discharge, was applicable, though not in force at time of filing petition in bankruptcy, since there was no vested right in bankrupt to have law stand as it was.

4. Bankruptcy ⬅407(7)—Where bankrupt's brokerage firm, to obtain money and with bankrupt's knowledge, made false written statements that they would buy stocks for customers, when unable to do so, bankrupt was not entitled to discharge (Bankruptcy Act, § 14b, subd. 3, as amended by Act May 27, 1926, § 6 [11 USCA § 32]).

Where copartnership, of which bankrupt was member, engaged in brokerage business, falsely represented to their customers in written statements that they would purchase stocks for customers on receipt of certain per cent. of its market value, balance to be paid in monthly installments, with bankrupt's knowledge, when brokerage firm was hopelessly insolvent and could not carry out such representations, and representations were made for purpose of obtaining money, they were made with respect to financial condition of firm, and bankrupt was not entitled to discharge in bankruptcy, under Bankruptcy Act, § 14b, subd. 3, as amended by Act May 27, 1926, § 6 (11 USCA § 32).

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Allen B. Lockhart filed voluntary petition in bankruptcy and was adjudged a bankrupt. On petition for his discharge in bankruptcy, Alfred T. Edel and another filed objections. From a final order refusing the bankrupt a discharge, he appeals. Affirmed.

Sherman P. Bowers and Harry C. Hull, both of Frederick, Md., for appellant.

Benjamin H. McKindless, of Baltimore, Md. (Derlin McKindless, of Baltimore, Md., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

NORTHCOTT, Circuit Judge. This is an appeal by Allen B. Lockhart, bankrupt, from the final order of the District Court of the United States for the District of Maryland, entered May 12, 1927, denying and refusing the bankrupt a discharge. On August 9, 1922, involuntary proceedings in bankruptcy were instituted against Smith, Lockhart & Co., a copartnership, of which appellant, Lockhart, was a member, and on the same date appellant filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt. On August 7, 1923, appellant petitioned for his discharge in bankruptcy, and on the 4th day of February, 1927, notice of said application was given to the creditors

by the referee. On the 10th of March, 1927, the objecting creditor, Edel, filed objections to the discharge.

Appellant raises two questions: First, whether or not the exceptions to the specifications in opposition to the discharge should have been overruled; and, second, whether or not the court in refusing a discharge erred as to the merits of the case. We are of the opinion that the specifications were sufficient and that the court's action in overruling the demurrer was proper.

As to the second question, it appears that the copartnership, of which appellant was a member, was engaged in a general brokerage business, which included purchasing for its customers and selling to them on the installment plan certain stocks or other securities, to be delivered to the customers when payments were completed. The firm sent out statements soliciting these purchases by customers, and upon the receipt of orders for purchases and the payment of the initial installment would notify the customers that the stock or the security had been purchased and was being held for their account, and would immediately begin charging customers interest upon the deferred payment. It is admitted that for some time prior to the bankruptcy, and for some time prior to the transaction with appellee Edel, the partnership was wholly and totally insolvent, and that at the time of bankruptcy the liabilities exceeded the assets more than $2,000,000.00. It is a proven fact in the record that purchases were not made as represented to the 2,500 customers of the partnership, among them appellee and objector Edel. In fact, the financial condition of the partnership precluded the conduct of the business as it was represented by the partnership to have been conducted.

[1] To prevent the discharge of a bankrupt, there must be proof of some specific ground that comes within the scope of the act of Congress. In re Johnson (D. C.) 215 F. 748. "Congress intended that the bankrupt should be discharged, unless the statutory grounds of objection to the discharge are made out clearly." In re Morgan (C. C. A.) 267 F. 959.

[2] Provisions of the section relating to bankrupt's discharge are not to be extended by construction, and the provisions as to discharge are to be construed liberally in favor of the bankrupt. International Shoe Co. v. Kahn (C. C. A., Fourth Circuit) 22 F.(2d) 131; Remington on Bankruptcy, § 3216.

[3] "A false statement on which a bankrupt obtained money or property on credit, which

23 F.(2d)—58

will bar his discharge, under Bankruptcy Act, § 14b, subd. 3 (Comp. St. § 9598), must be a financial statement, as distinguished from a mere misrepresentation" (In re Morgan, supra), and under the amendment to the Bankruptcy Act of May 27, 1926 (11 USCA § 32), which we think applies because in force at the time the judge below passed on the question of discharge, such statement must also be in respect to the bankrupt's financial condition. "There was no vested right in the bankrupt to have the law stand as it was." In re Seaholm (C. C. A.) 136 F. 144.

[4] The firm of Smith, Lockhart & Co., of which appellant was a member, and concerning all the transactions of which he was fully conversant, represented to their customers that they would purchase for the account of the customer such stock as the customer might desire to purchase, upon the receipt of a certain per cent. of the market value of said stock, the balance of the purchase price to be paid in monthly installments. These representations were made to appellee Edel, and pursuant to them the transactions in question here were entered into. That these representations were false is evident from the fact that, throughout the entire period of the transactions, appellant's firm was hopelessly insolvent, and could not have, in any way, carried out the representations made to its numerous customers. The falsity of these statements was known to appellant, and they were made for the purpose of obtaining money. Their materiality cannot be questioned. No one would have dealt with the firm on the terms set out, except for the belief in the representations that the stock would be actually purchased and held for the customer.

That these representations were made with respect to the financial condition of the firm is the inevitable conclusion that must be reached from the admitted facts. The representation was that the firm was in a position financially to fulfill the promise held out to its customers, when in fact they could not possibly have done so, and for several years were not in a position to, even in a small part, carry out their contracts with their customers.

After the order for stocks was given by appellee Edel, statements were sent him in which the expression was used, "We have this day bought for your account under our partial payment plan, * * *" enumerating certain stocks. The same notice to the customer included the statement that "all coupons and dividends paid on securities which are held by us will be collected and

credited to your account and interest allowed thereon." Monthly statements were rendered appellee Edel, with representations to the same effect. The whole scheme constituted a false representation, not only as to the method of conducting the business, but as to the financial condition of the firm. Interest was charged the customers, including appellees, on supposed purchases that had in fact, never been made.

In the case of In re Shea (D. C.) 245 F. 363, the court discusses a similar case, and one of the syllabi is as follows:

"A broker informed customers carrying stocks on margins that he had such stocks for them. The broker * * * had no such stocks on hand, subject to the demands of customers, free from other demands, as required by the custom of brokers. Relying on the broker's statement, customers made payments on margins, and subsequently made other payments. Held that, where the broker was conversant with the facts, his discharge in bankruptcy must be denied, on the ground that he made false statements to obtain money, even though he did not consider the statements false, and expected thereafter to acquire such stocks for the customers."

Attorneys for appellant rely on the case of In re Morgan, supra, but in that case the transaction complained of was carried on by the bankrupts in a different enterprise from the one in which the objector participated, and it is not in point.

The record shows materially false statements in writing, made and published with the knowledge of the bankrupt, for the purpose of obtaining money, with respect to the financial condition of the firm, of which the bankrupt was a member, and the final order of the judge below denying the discharge of the bankrupt is affirmed.