## JOHNSTON v. JOHNSTON.

### In re JOHNSTON.

### No. 3323.

Circuit Court of Appeals, Fourth Circuit.

Jan. 10, 1933.

James D. Johnston, of Roanoke, Va., for appellant.

W. J. Henson, of Pulaski, Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order granting a discharge in bankruptcy to one Vivian D. Johnston. The only objecting creditor was Col. James D. Johnston, a cousin and former partner in business. The indebtedness of the bankrupt was created by the Johnston Motor Company, a partnership which was engaged in business between 1921 and

1923 and which was managed by the bankrupt. The partnership, having become heavily involved, went out of business in 1923, and Col. Johnston was called upon for payment of a large part of its outstanding obligations. Bankrupt filed his petition in bankruptcy on July 11, 1929, and his petition for discharge on June 4, 1930. Col. Johnston filed objections to discharge, and these were referred to a special master who heard evidence bearing thereon, and recommended that the discharge be granted. Exceptions filed to the report of the special master were overruled by the judge below in an able and painstaking opinion in which the evidence was carefully reviewed and analyzed; and, from the order confirming the report and granting the discharge, Col. Johnston, the objecting creditor, has appealed. 2 F.Supp. 443.

A number of objections to the discharge were originally filed, and, after the hearing of evidence before the special master, an effort was made to file others, which the judge considered and found without merit. In the brief filed by appellant before us,· however, only three of the objections are urged: (1) That the bankrupt knowingly and fraudulently made a false oath in listing his liabilities in the schedules filed with his voluntary petition in bankruptcy; (2) that the bankrupt destroyed or failed to keep books of accounts or records from which his financial condition and business transactions might be ascertained; and (3) that the bankrupt obtained money or property on credit by making or publishing a materially false statement in writing respecting his financial condition.

The objections not mentioned in the brief on appeal, as required by our rule 24, are deemed abandoned and need not be considered. Of the others, the first two mentioned above involve pure questions of fact; and, as to these, not only did the special master, who saw and heard the witnesses, find the facts against the objecting creditor as to both, but upon appeal the findings were approved by the District Judge. Under such circumstances, the rule is well settled that we will not disturb the findings below, unless satisfied that they are clearly wrong; and we find nothing in the record which, in the light of this rule, would justify us in disturbing them. This leaves for our consideration only the third objection, which involves a question of law of some difficulty.

The facts with respect to this objection are that, while the Johnston Motor Company was engaged in business, Col. Johnston forbade bankrupt, who was in charge of its affairs, to do business with or seek credit ·from the Farmers' & Merchants' Credit Corporation of Roanoke, Va. Notwithstanding this injunction from his business partner, bankrupt did obtain credit from that corporation and discounted notes and mortgages with it; and for the purpose of securing such credit, he filed with that corporation a statement on the legal stationery of Col. Johnston, purporting to be signed by him, in the following language:

"Roanoke, Virginia, February 18, 1922.
"To the Farmers' & Merchants' Credit Corp., Roanoke, Virginia.

"Gentlemen: This is to advise you that Vivian D. Johnston is President and Manager of the Johnston Motor Company, a partnership composed of he and myself. He has authority to sign any papers in connection with the business.

"Yours very truly,
"James D. Johnston."

It is admitted that the statements of fact contained in this letter are true. Its falsity is the fact that it purports to have been signed by Col. Johnston, when as a matter of fact it was signed by the bankrupt himself. The special master held that it was not a materially false statement in writing within the meaning of the statute because all of its statements were true. The District Judge, however, held that it was false, in that it purported to have been signed by Col. Johnston, whereas it had not in fact been signed by him; but he held that it was not material to inquire whether it was a false statement in writing within the meaning of the statute because of the fact that Col. Johnston, upon learning of the existence of the letter, ratified all that had been done by bankrupt in obtaining credit thereunder.

We need not pass upon the reasoning of either the special master or the District Judge in connection with the matter; for, assuming the statement of the bankrupt to be false, and ignoring the alleged ratification, we think that the statement relied on was not a false statement *respecting the financial condition* of the bankrupt or of the partnership of which he was a member. The applicable provision of the Bankruptcy Act has been materially amended by the Act of May 27, 1926, c. 406, § 6, 44 Stat. 663, 11 USCA § 32 (b) (3), cumulative pocket supplement. As it now stands that section provides that discharge shall be denied if the bankrupt has

"obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing *respecting his financial condition.*" (Italics ours.)

This provision of the statute as amended was before this court in Lockhart v. Edel, 23 F.(2d) 912, 913. We there held that the provisions of the section relating to the bankrupt's discharge are not to be extended by implication, but are to be construed liberally in favor of the bankrupt, and that to bar his discharge the false statements must be with respect to his financial condition. Judge Northcott, speaking for the court, thus tersely stated the rule which we think applicable here:

"To prevent the discharge of a bankrupt, there must be proof of some specific ground that comes within the scope of the act of Congress. In re Johnson (D. C.) 215 F. 748. 'Congress intended that the bankrupt should be discharged, unless the statutory grounds of objection to the discharge are made out clearly.' In re Morgan (C. C. A.) 267 F. 959. Provisions of the section relating to bankrupt's discharge are not to be extended by construction, and the provisions as to discharge are to be construed liberally in favor of the bankrupt. International Shoe Co. v. Kahn (C. C. A., Fourth Circuit) 22 F.(2d) 131; Remington on Bankruptcy, § 3216. 'A false statement on which a bankrupt obtained money or property on credit, which will bar his discharge, under Bankruptcy Act, § 14b, subd. 3 (Comp. St. § 9598), must be a financial statement, as distinguished from a mere misrepresentation' (In re Morgan, supra), and under the amendment to the Bankruptcy Act of May 27, 1926 (11 USCA § 32), which we think applies because in force at the time the judge below passed on the question of discharge, such statement must also be in respect to the bankrupt's financial condition."

The letter relied on was plainly not a statement respecting the financial condition of the bankrupt. It related neither to his financial condition nor to that of the partnership of which he was a member, but to his authority to act for the partnership. While its use was reprehensible, it cannot by any sort of interpretation be said to fall within the present language of the act. Even before the statute was amended, not every fraudulent representation would bar discharge. Even the giving of worthless checks or mortgages on property not owned was held not to come within its terms. Robinson v. J. R. Williston & Co. (C. C. A. 1st) 266 F. 970; In re Rea Bros. (D. C.) 251 F. 431; In re Hudson (D. C.) 262 F. 778. This was on the theory that the acts barring a discharge were to be strictly limited to those defined in the act of Congress, and that false representations of the kind involved could not be construed to be "false statements" within the meaning of the act. In the Robinson Case, Judge Johnson said that, under the act as it then stood, the "false statement" condemned would not be confined to a financial statement of the bankrupt or a "statement of his financial condition," but that the false statement should not be created by inference from the acts of the bankrupt. The act of 1926, however, by the use of the words which we have italicized in our quotation of the section above, does confine the false statements condemned by the act to false statements *respecting the financial condition of the bankrupt;* and in Levy v. Industrial Finance Corporation, 276 U. S. 281, 283, 48 S. Ct. 298, 72 L. Ed. 572, the Supreme Court, speaking through Mr. Justice Holmes, says that the use of these words "serves to limit the bars to a discharge more narrowly."

There was no error, and the order discharging the bankrupt will be affirmed.

Affirmed.