**ROBERTS v. W. P. FORD & SON, Inc.**
**In re ROBERTS.**
**No. 5738.**

Circuit Court of Appeals.
Fourth Circuit.
Aug. 10, 1948.

Louis B. Fine, of Norfolk, Va., for appellant.

Edward S. Ferebee, of Norfolk, Va., for appellee.

Before PARKER, and DOBIE, Circuit Judges, and WATKINS, District Judge.

PARKER, Circuit Judge.

This is an appeal for an order refusing a discharge in bankruptcy. Bankrupt is a furniture salesman, who until shortly before the filing of the petition in bankruptcy was employed by the objecting creditor. From statements made at the bar of the court, it appears that bankrupt quit that employment because of a reduction

in salary and shortly thereafter executed to the creditor a promissory note for an indebtedness of something over $1100, upon which the creditor proceeeded immediately to secure judgment. To protect himself from garnishment proceedings on this judgment, which he feared would result in the loss of the new position that he had obtained, bankrupt filed a petition in bankruptcy.

There is no contention that the indebtedness due the objecting creditor was contracted in any fraudulent manner, that bankrupt has fraudulently concealed assets or that there are present here any of the other matters evidencing fraud and bad faith usually encountered in objections to discharge. No evidence whatever was offered by the objecting creditor, but opposition to discharge was based solely on matters elicited from the examination of the bankrupt. The chief ground of objection was that, in his examination at the first meeting of creditors and at the hearing upon his petition for discharge, the bankrupt did not sufficiently account for the expenditure of his salary for the years 1945 and 1946. There was an additional objection that he failed to list among his assets certain household and kitchen furniture, which, he claimed, belonged to his wife.

Bankrupt's salary for 1945 was $5,270.45 and his salary and bonus for the year 1946 was $7,295. More than a thousand dollars of this was paid in income tax each year. Bankrupt kept no books or records of his expenditures, and when asked what became of his salary had to rely upon estimates or guesses; but that he spent it all quite clearly appears when consideration is given to the fact that he lived in an apartment costing $900 per year, drank a good deal, played poker, entertained his friends, contributed to various causes and took trips from time to time to New York and Chicago on which he spent far in excess of the amount allowed him by his employer. The evidence gives a clear picture of a man living beyond his means; and there is nothing to show that any part of his salary stayed with him for any considerable length of time. On the contrary, the evidence is that he borrowed money from his employer during the time in question; and the fact that he left the employment in debt to his employer indicates that he was spending all of his salary and more as he went along.

The findings of fact by the Referee are rather sketchy and amount to no more than that the bankrupt's account of the expenditure of his salary was indefinite, contradictory and unsatisfactory to the Referee. The order of the judge does not expressly approve the findings, but merely holds that they are supported by the evidence and that the action of the Referee in denying the discharge is in accordance with law. We have read the evidence carefully and think that the denial of the discharge was based either upon a misconception of the facts or of the law applicable to the situation. There is nothing to support any theory of fraud or bad faith on the part of the bankrupt. The conflicts which appear in his statements are of a minor character and such as might reasonably be expected of an improvident man who has kept no record of his expenditures and is merely giving his best recollection, based upon estimates, as to where his salary went. There is no claim or suggestion that he has secreted anything or that he ever had on hand any particular sum of money for which he is unable to account. All that there is against him is that he is unable to tell in detail what became of a salary which was manifestly no more than he was likely to spend in the manner of life that he was following. This was no sufficient ground for denying the discharge.

It is well settled that the provisions of the bankruptcy act relating to discharge are to be construed liberally in favor of the bankrupt. Johnston v. Johnston, 4 Cir., 63 F.2d 24, 26; Lockhart v. Edel, 4 Cir., 23 F.2d 912, 913. The provisions authorizing the denial of discharge for failure to keep books and records or to explain satisfactorily the loss of assets are to be construed along with the other provisions of 11 U.S.C.A. § 32, and manifestly mean something other than failure to keep books and records by a wage earner who has no need of books and records or failure to explain the loss or deficiency of assets.

by one who has had no assets other than his wages or salary which he has spent on living expenses as soon as received. In Baily v. Ballance, 4 Cir., 123 F.2d 352, we held that a discharge was properly granted a traveling salesman notwithstanding his failure to keep books and records. In Morris Plan Industrial Bank of New York v. Dreher, 2 Cir., 144 F.2d 60, the Circuit Court of Appeals of the 2nd Circuit reversed a District Court decision which denied a discharge in a somewhat similar case. A case in which a bankrupt was granted a discharge which was opposed because he had failed to account for the expenditure of his salary and where, as here, he claimed to have spent it in living beyond his means, is In re Barry, D.C., 52 F.Supp. 492, affirmed by the Circuit of Appeals of the Second Circuit on the opinion of the District Court, Barry v. Morris Plan Industrial Bank, 141 F.2d 1021. We do not mean, of course, to say that failure to account for salary received could under no circumstances justify the refusal of a discharge. The size of the salary or circumstances showing concealment or bad faith might well call for detailed explanation on the part of the bankrupt. Where the salary, however, is not in excess of what might reasonably be required for living expenses considering the manner of life of the bankrupt, where there are no circumstances showing fraud or bad faith and where the bankrupt testifies that he has spent the salary in living, his discharge may not be denied because he cannot explain in detail where all of the salary went or because of minor contradictions in estimates as to some of the items. There was no other basis for denying it here.

█ The contention with regard to bankrupt's failure to list his household and kitchen furniture hardly justifies discussion. His testimony that this furniture belonged to his wife was uncontradicted. The fact that it was listed for taxation in his name proves nothing; and we note that neither the District Judge nor the Referee referred to the matter in denying discharge.

For the reasons stated, the order refusing the discharge will be reversed.

Reversed.