**In the Matter of Samuel A. PASCAL, Bankrupt, Appellant,**

v.

**PALOS STATE BANK, Objecting Creditor, Appellee.**

**No. 16705.**

United States Court of Appeals Seventh Circuit.

Aug. 21, 1968.

---

Marvin Patrick Cohen, Chicago Ill., for appellant.

Nicholas T. Kitsos, Chicago, Ill., for appellee.

Before SWYGERT, FAIRCHILD and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Samuel A. Pascal, bankrupt, appeals from the Order of the District Court affirming the Referee in Bankruptcy's denial of discharge of the bankrupt.

Samuel A. Pascal was an officer and forty percent stockholder of Pascal Equipment Co., an Illinois corporation, and was not engaged in any other business or venture. On February 22, 1964, bankrupt obtained a loan of $5,000 from the Palos State Bank, simultaneously executing a credit application and presenting it to the bank. On March 31, 1964, and again on May 6, 1964, he made further loans from the Palos State Bank and likewise delivered financial statements on each of these occasions. Objections to his discharge were predicated upon these financial statements.

The statement submitted on May 6, 1964, set forth the ownership of 40 shares of stock of Pascal Equipment Co. valued at $1,000 per share or a total value of $40,000. This valuation was included as a part of his assets and the total net worth was stated to be $146,650. There were included other items listed as assets and two parcels of real estate, the titles to which are in dispute.

Mr. Paetow, loan officer of Palos State Bank, testified that he was "impressed" with bankrupt Pascal's net worth and was thereby induced to make the loan. Objector's exhibit No. 4 of liabilities and stockholders' equity of Pascal Equipment Co. of April 10, 1964, indicated a total stockholders' equity, after balancing liabilities and assets, of a $5,525.78 deficit. Bankrupt's 40% share indicated a stock valuation of minus $2,210.31 rather than $40,000 valuation as attested in the financial statement to Palos State Bank on May 6, 1964. The schedule of assets filed in the bankruptcy proceeding does not include realty listed in the financial statement attested to at the time of the loans from Palos nor the dates or amounts of numerous indebtednesses owed by petitioner but not revealed in the financial statement.

It is true, as contended by the bankrupt, "that the provisions of the bankruptcy act relating to discharge are to be construed liberally in favor of the bankrupt." In Re Roberts, 169 F.2d 151, 152 (4th Cir. 1948); see also In Re Rosenfeld, 262 F. 876, 878 (2d Cir. 1919). Congress' policy is clearly shown in § 14(c) of the Act (11 U.S.C. § 32(c)) which states that the bankrupt shall be discharged unless the court is satisfied that at least one of a few limited grounds prevents the discharge. But it is also true that when a ground for denying a discharge is shown which falls within the literal wording of the Act, the plain meaning of the Act must be applied.

Bankrupt argues that § 14(c) (3) is ambiguous and does not apply to "a wage earner not in any business as a sole proprietor or as a partner," and conveniently disregards the phrase (as modified by the 1960 amendments):

"* * * as an executive of a corporation, obtained for such business money or property on credit, or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation: * * *"

The reasons for the 1960 amendments are set forth in the National Bankruptcy

Conference and the Judicial Conference of the United States, and the applicable portion is as follows:

"In view of the protection that section 17a(2) gives to the creditor, and in view of the abuses which have grown out of section 14c(3), the committee believes that it is desirable to eliminate the false financial statement as a ground for the complete denial of a discharge insofar as the individual non-commercial bankrupt is concerned.

"The situation is somewhat different in the case of a business bankrupt. The businessman is more likely to be aware of the severe consequences to him of issuing a false financial statement. His ordinary business records enable him to produce a more accurate statement than a householder who may have a multitude of small debts and no records. Furthermore, the financial statement issued by a businessman is frequently for the purpose of establishing credit standing in the community."

Admittedly bankrupt was President of Pascal Equipment Co. and the owner of 40% of the stock. Witness Paetow testified that Samuel Pascal stated at the time the loans were made that the funds were for the business and it is further verified by Pascal's testimony, "The money that I borrowed from the Palos Bank, in most cases, I endorsed, loaned or turned over to the Pascal Equipment Company, yes, sir, in most cases." and that money was used as working capital or as security. The bankrupt is clearly indicated under § 14(c) (3) as an executive of a corporation for whom he obtained money.

■ The testimony of the bankrupt before the Referee was that the home listed as an asset was in fact in trust for his wife. The record before this court is void of any evidence presented by the bankrupt to controvert this fact. Therefore, under the proviso to § 14(c) (3), the burden of proof clearly had shifted to the bankrupt and the Referee was completely justified in his finding

that "the financial statement of May 6, 1964 was a false statement."

■ The Referee's finding that Pascal was an officer of the equipment company and that the loan of money made by Palos Bank to the bankrupt was a business loan based upon a fraudulent financial statement within the definition of the exception of granting of discharges in bankruptcy under § 14(c) of the Bankruptcy Act, is the only logical conclusion that can be drawn.

The order of the district court is affirmed and the denial of discharge is sustained.

Affirmed.