**In re Ricky Joe WILSON, Regina Ann Wilson, Debtors.**

**Bankruptcy No. 7–92–00217–HPA–13.**

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

Aug. 14, 1992.

Thomas C. Antenucci, Copeland, Molinary & Bieger, Abingdon, Va., for debtors.

David J. Hutton, Boucher & Hutton, Abingdon, Va., for First Union Home Equity Corp.

### MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue herein involves the Debtors' Plan which adjusts the interest rate of First Union Home Equity Corporation ("First Union"), a fully secured second mortgage creditor upon the Debtors' principal residence. The contract rate of interest was 11.95% and the proposed interest rate is 10 percent, which claim the Debtors propose to pay in full with interest during the life of the Plan.

The issue involves 11 U.S.C. § 1322(b)(2) which provides that a Chapter 13 debtor's Plan may "modify the rights of holders of secured claims." The paragraph excludes first deed of trust mortgages on debtor's principal residence which has been construed as including only classic first mortgage financing instruments in purchasing homes. *See In re Grubb*, 730 F.2d 236 (5th Cir.1984) and *In re Bruce*, 40 B.R. 884 (Bankr.W.D.Va.1984).

■ Accordingly, the statute authorizes modification of the second deed of trust note in this Chapter 13 case. The essential issue presented herein is whether a Plan may modify the interest rate of an oversecured creditor.

■ The Bankruptcy Code and preceding acts are construed liberally in favor of the debtor. *Gleason v. Thaw*, 236 U.S. 558, 560, 35 S.Ct. 287, 288, 59 L.Ed. 717, 719 (1915); *Roberts v. Ford*, 169 F.2d 151, 152 (4th Cir.1948); *Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933); *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir.1928). The purpose for this construction is to give debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710–11, 29

L.Ed.2d 233, 241 (1971); *Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 113–14, 27 L.Ed.2d 124, 127 (1970); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Taylor v. Freeland & Kronz*, — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Johnston v. Johnston*, 63 F.2d at 26; *Royal Indemnity Co. v. Cooper*, 26 F.2d 585, 587 (4th Cir.1928); *Lockhart v. Edel*, 23 F.2d at 913. This principle is equally applicable in Chapter 13 and other chapters of the Code. *See Landmark Financial Services v. Hall*, 918 F.2d 1150 (4th Cir.1990), citing *In re Stokes*, 39 B.R. 336, 340 (Bankr.E.D.Va.1984).

In a most recent case of *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), the Supreme Court, in dealing with the interest question on secured tax claims, stated the broad principle of statutory construction, thusly, at page 248, 109 S.Ct. at page 1034:

> We have noted that the "touchstone of each decision on allowance of interest in bankruptcy ... has been a balance of equities between creditor and creditor or between creditors and the debtor." *Vanston Bondholders Protective Committee v. Green*, 329 U.S. [156], at 165, 67 S.Ct. [237] at 241 [91 L.Ed. 162 (1946)]. All the exceptions to the denial of postpetition interest "are not rigid doctrinal categories. Rather, they are flexible guidelines which have been developed by the courts in the exercise of their equitable powers in insolvency proceedings." *In re Boston and Maine Corp.*, 719 F.2d [493] at 496 [1st Cir. 1983].

*See also, Local Loan, supra,* and *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

■ The trustee submitted for the court's benefit a summary of current interest rates of financial institutions in the Bristol market area. From the listings set forth, the proposed 10 percent rate in the Plan is in excess of the going market rate in the area. The court further notes that the present prime rate, as noted in the *Wall Street Journal*, is 6 percent; there-

fore, the 10 percent is a reasonable and fair interest rate for this creditor's secured claim, since the claim will be paid out in full over the life of the Plan with the interest provided.

The creditor contends that the interest rate of this oversecured creditor is not subject to modification. The court declines to follow that position. It is clear from the language of § 1322(b)(2) that the court may modify the secured claim in question. As the Court stated in *Ron Pair*, in construing the language of the Bankruptcy Code, the Court must consider if the language in question is clear and unequivocal. *Ron Pair*, 489 U.S., at 241, 109 S.Ct., at 1030, 103 L.Ed.2d, at 294. The language of § 1322(b)(2), as it relates to modifying secured claims other than the first deed of trust loan, is without ambiguity and may be modified.

The reasonableness of the court's ability to approve a Plan that modifies a secured creditor's interest rate, so long as it is fair and equitable and provides a fair return on the creditor's claim, is demonstrated by the following hypothetical situation. Suppose the contract interest rate of this secured creditor's claim was far in excess of 11.9% and, in fact, could well be 25 to 30 or even 40 percent or more, it would be unconscionable, and indeed novel, to say that such a secured claim could not be modified in a Chapter 13 case under § 1322. To pay such secured creditor exorbitant interest when other creditors may be getting little or nothing under the Plan because of such interest being paid would stifle the overall Plan and frustrate the purposes of Chapter 13 generally. The court must keep in mind congressional intent that Chapter 13 was modified and liberalized in the Code so that such sections would be so construed to enable a debtor to rehabilitate their financial condition and avoid liquidation under Chapter 7.

Accordingly, it is

### ORDERED

that the Plan, as proposed, providing for 10 percent interest upon First Union's claim is APPROVED and the Plan, as confirmed

heretofore, shall incorporate the Debtors' provisions for this creditor in the order confirming the same.