**In re George W. HARRIS, III, Debtor.**

**George W. HARRIS, III, Plaintiff,**

v.

**UNIPAC SERVICE CORPORATION, Roy V. Creasy, Trustee, and Texas Guaranteed Student Loan Corp., Defendants.**

**Bankruptcy No. 7–93–02118–HPR–7. Adv. No. 7–95–00025.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

June 26, 1996.

George W. Harris, III, Roanoke, Virginia, for Debtor/Plaintiff.

Seth E. Twery, Lynchburg, VA, for Texas Guaranteed Student Loan Corp./Defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is the dischargeability of a student loan obtained by the Debtor pursuant to 11 U.S.C. § 523(a)(8)(B).

The facts are as follows: The Debtor, George W. Harris, III, obtained a loan from the Texas Guaranteed Student Loan Corporation, for purposes of pursuing a law degree. On October 19, 1993, the Debtor filed a petition for bankruptcy listing the student loan on his schedules. The remaining balance on the loan was approximately $50,000.00. On January 4, 1994, his license to practice law in the State of Virginia was revoked as a result of an addiction and resulting problems. On April 25, 1994, Debtor received a discharge in bankruptcy.

Upon hearing of this matter, the Debtor testified that his financial, legal and business problems resulted from a cocaine dependency. (Tr. at 7). The Debtor was convicted of felony charges arising out of the addictions and sentenced to jail for 12 months on June 6, 1994. As a result of his conviction, he was ordered to pay restitution in the amount of $500.00 per month for seven (7) years, plus court costs, to three different jurisdictions.

(Tr. at 9). Debtor is still repaying the restitution and testified that until the money is paid back it is highly unlikely that his license to practice law will be reinstated.

The Debtor is married and has two minor dependents, ages 8 and 20 months old. He is presently employed with a law office in Martinsville, Virginia as a paralegal. Although the Debtor has a B.B.A. degree, M.B.A. Degree and a J.D. Degree, he does not foresee regaining his right to practice law in Virginia or any state for a minimum of 5 years and, statutorily, the suspension is indefinite. The Debtor is also on indefinite probation with the State of Virginia and is limited as to employment outside of the state. By Court Order, he is forbidden to travel outside of the State of Virginia. (Tr. at 11).

Upon completion of his jail time, the Debtor contacted several law firms, but was unsuccessful in finding employment. Soon thereafter, the Martinsville office agreed to hire him as an independent contractor, which can be terminated at any time. His monthly income is $1,680.00 minus travel expenses from Roanoke to Martinsville, about 150 miles round-trip, as well as other expenses and taxes. (Tr. at 14). Since then he has contacted several firms in Richmond concerning paralegal positions that offer more money, but to date has been unsuccessful. (Tr. at 24). He testified that his wife works at Community Hospital making approximately $800.00 a month, minus insurance premiums which she is responsible for paying. Debtor testified that he is responsible for all travel costs and any additional expenses associated with his employment. He incurs a substantial expense driving to and from Martinsville every day and averages approximately 700 miles per week. (Tr. at 14). His current household income is $2,480.00 and his expenses are $2,790.00 including the student loan payment. Debtor testified that his mother is currently assisting trying to help him pay monthly rent but this is not money which he can rely on each month.

■ As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *See Williams v. USF & G*, 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v.*

*W.P. Ford & Son, Inc.*, 169 F.2d 151, 152 (4th Cir.1948) (*citing Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 29 L.Ed.2d 233, 241 (1971); *Local Loan Co. v. Hunt*, 292 U.S., at 244, 54 S.Ct., at 699; *Johnston v. Johnston*, 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper*, 26 F.2d 585, 587 (4th Cir.1928).

This Court, upon trial of this matter, heard the evidence including the testimony of the witnesses. It observed the candor, demeanor, truthfulness, and forthright testimony of witnesses as well as their credibility and makes the findings and conclusions herein.

■ Section 523(a)(8)(B) provides that an educational loan is not dischargeable unless the payment thereof would impose an undue hardship on the Debtor and Debtor's dependents. In *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2nd Cir.1987), the Second Circuit established a three-prong test to undue hardship: present dire financial circumstances, likelihood of this condition continuing in the future, and the Debtor's good faith attempt to repay the loan.

Debtor testified that "[i]t was always [his] intention to try to repay [his] student loan if possible and [he] did not foresee this situation" occurring. (Tr. at 30). Considering the fact that this Debtor has several years remaining to repay the criminal restitution; that he is a convicted felon; and that he has a medical addiction to cocaine, it is likely that Debtor may not be permitted to practice law in the State of Virginia for many years. Furthermore, in light of his past personal

record and history, there is no guarantee that he will gain better employment and become rehabilitated. "Circumstances which make non-payment of a student loan are illness, incapacity or other extenuating circumstances." 3 Collier on Bankruptcy ¶ 523.18 (15th Ed.1996). Additionally, it is clear that his current expenses exceed his current income and there is no indication that his circumstances will improve in the near future. The Debtor's candid testimony to this Court demonstrated a deep and sincere effort to overcome these problems.

In the case of *In re Garrett,* 180 B.R. 358 (Bankr.D.N.H.1995), the Bankruptcy Court held the Debtor's felony conviction and medical illness did not render the student loan to be nondischargeable. However, the facts in *Garrett* can be distinguished with those in this case. In *Garrett,* the debtor did not lose a license to practice law as a result of her conviction. The debtor simply had not obtained a license and there was no evidence presented that she had been denied a license due to her conviction. Furthermore, she was prohibited from the practice of law due to her medical condition which was tuberculosis, rosacea, and multiple sclerosis. The court also found that debtor owned valuable rental property and that Garrett's inability to obtain employment with sufficient income would not be permanent. Unlike the debtor in *Garrett,* Mr. Harris may never be granted a license to practice due to his condition of cocaine addiction and there is a high probability that his inability to gain better employment will be long-lasting.

Every case that enters this Court with debts and dischargeability issues, including student loan debts, are all reflections of some imperfection of the lives of people and are not circumstances which are necessarily deliberately contrived. These imperfections arise out of such things as medical illnesses, unemployment, and increased expenses due to domestic separations and problems. Likewise, the Debtor in this case did not willfully construct his addiction and felony conviction which resulted in the loss of his license to practice law.

This Court has reviewed the evidence and the demeanor of the Debtor's testimony and concludes that the standard set by the Second Circuit has been met in this case. Circumstances are such that there can be no expectation for improvement at any time in the future. The Court finds that the repayment of the loans in question would work an undue hardship on this Debtor and his dependents.

ACCORDINGLY, IT IS ORDERED that the student loans in question be and the same are discharged and this Adversary Proceeding dismissed and closed.