**In re George Thompson KIDD Renee Simmons Kidd, Debtors.**

**Anthony DOSS, Plaintiff,**

v.

**George Thompson KIDD and Renee Simmons Kidd, Defendants.**

**Bankruptcy No. 7–92–02584–HPA–7. Adversary No. 7–96–00119.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Oct. 22, 1998.

Timothy Wayne Hudson, Hudson & Dougherty, Bristol, TN, for plaintiff.

John M. Lamie, Browning, Lamie & Sharp, Abingdon, VA, for debtors/plaintiffs.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The within Adversary Proceeding is before the Court to determine the dischargeability of a judgment debt pursuant to 11 U.S.C. § 523(a)(6) and (a)(2)(A).

A brief history of this matter is as follows: The Debtors, George Kidd and Renee Kidd ("Debtors"), filed Chapter 11 petitions in this Court on November 13, 1992 and March 18, 1993, respectively. The petitions were consolidated by Court order on April 26, 1993. Prior to the petition, Anthony Doss ("Plaintiff"), obtained a judgment in the Circuit Court of Bristol, Virginia, against the Debtors in the amount of $220,000.00. During the pendency of the Chapter 11 case, Plaintiff filed an adversary proceeding seeking to determine the debt nondischargeable. The Court issued a Memorandum Opinion on April 28, 1994, dismissing the complaint against Mr. Kidd as untimely filed and held that the judgment of the Circuit Court constituted a claim as determined by the jury but deferred the issue of nondischargeability as to Mrs. Kidd's debt for further hearing

pending the ongoing Chapter 11 case. On December 13, 1995, the Court issued a further Memorandum Opinion and Order holding Plaintiff's judgment lien a preference obtained within 90 days of the Chapter 11 filing and deferred the issue of nondischargeability.

On January 25, 1996, Debtors' Chapter 11 case was converted to Chapter 7. The Plaintiff filed the within Adversary Proceeding, which the Court found to be timely filed against the Debtors in the successor Chapter 7 case. The first issue before the Court is whether res judicata and collateral estoppel will bar the Debtors from determining the dischargeability of the debt under 11 U.S.C. § 523(a)(6) and (a)(2)(A). The Court, having carefully reviewed the facts and evidence in the record, holds, for reasons hereafter stated, that the Debtors are not barred and the debt is dischargeable.

▆▆▆ As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *See Williams v. U.S. Fidelity & Guaranty Co.*, 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v. W.P. Ford & Son*, 169 F.2d 151, 152 (4th Cir.1948) (*citing Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir. 1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 29 L.Ed.2d 233, 241 (1971);

*Local Loan Co. v. Hunt*, 292 U.S., at 244, 54 S.Ct. 695; *Johnston v. Johnston*, 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper*, 26 F.2d 585, 587 (4th Cir.1928).

This Court, upon trial of this matter, heard the evidence including the testimony of the witnesses. It observed the candor, demeanor, truthfulness, and forthright testimony of witnesses as well as their credibility and makes the findings and conclusions herein.

▆▆▆ Res judicata is the general doctrine that includes both claim and issue preclusion. *In Re Williams Contract Furniture*, 148 B.R. 799 (Bankr.E.D.Va.1992). Collateral estoppel is synonymous with the more specific doctrine of "issue preclusion." *Id.* Res judicata acts as a complete bar to the second action and precludes the litigation of all grounds for defenses and recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior action.[1] *In re Wizard Software*, 185 B.R. at 517; *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In the Fourth Circuit case of *Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir.1988), the Court held that "prior state court judgments not be given res judicata effect to preclude litigation of dischargeability issues which could have been, but were not litigated in the earlier proceeding." They further held that collateral estoppel applies if the issue was actually litigated and decided in an earlier proceeding and was necessary to the decision.[2]

This Court has before it only the jury instructions and the final decree of the state court proceeding. A copy of the state court transcript is not before the Court. In the state court proceedings, Jury Instruction No. 4 states that the verdict should be for Doss if "you believe from the evidence in this case

---

**1.** Under Virginia law, the court may apply three tests to determine res judicata: first, whether two causes of action are based upon mutually exclusive code sections or statutory language; second, whether both causes of action contain substantially the same factual and legal issues; and third, whether same evidence supports both causes of action. *In re Professional Coatings, Inc.*, 210 B.R. 66 (Bankr.E.D.Va.1997).

**2.** Under Virginia law, five elements are necessary for collateral estoppel: first, issue litigated must have been essential to prior judgment; second, prior action must have resulted in valid and final judgment against party sought to be precluded in present action; third, parties or privies in both proceedings must be the same; fourth, there must be mutuality between parties; and fifth, factual issue litigated actually must have been litigated in prior action. *Professional Coatings* at 80.

that Renee Kidd and George Kidd *unlawfully* used the property of the plaintiff and converted it to their own use or to the use of persons other than the owner." (Plaintiff's Exhibit 5). The instruction does not give direction as to willful and malicious injury to an entity or property of another entity.

■ 11 U.S.C. § 523(a)(6) provides in pertinent part as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt

(6) for **willful and malicious injury** by the debtor to another entity or to the property of another entity. (emphasis added).

Willful means deliberate or intentional. H.R.Rep. No. 595, 95th Cong., 1st Sess. 365, reprinted in 1978 U.S.Code Cong. & Ad. News 5963, 6320–21. "Malice" carries a meaning that "a debtor may act with malice even though he bears no subjective ill will toward, and does not specifically intend to injure, thus a debtor's injurious act done in knowing disregard of the right to others is a malicious act." *In re Stanley*, 66 F.3d at 667. Jury Instruction No. 4 used the term "unlawfully" converted property but makes no mention of willfulness nor malice. For an injury to be rendered nondischargeable under § 523(a)(6), it must be willful and malicious.

■ Secondly, Jury Instruction Nos. 5, 6, and 9 set forth instructions on false and misleading impression, intentional misrepresentations of material facts. Although the jury was instructed on fraud, the court's final decree does not specify whether the verdict was based upon fraud or unlawful conversion. Thus, this Court is unable to determine whether the state court actually found fraud and whether malice and willfulness were actually litigated. Additionally, the Final Decree in the state court recites that "[w]e the jury find our verdict for Anthony Doss and affix as damages; Compensatory—Two hundred Thirty-five Thousand Dollars ($235,000.00)—punitive ($0.00)." This Court cannot determine what the jury based their verdict upon. It clearly does not show by a preponderance of the evidence that the verdict was based upon willful and malicious

conversion of property nor does it indicate that the verdict was based upon fraud. The jury could render a verdict for the Plaintiff under several different scenarios and the Final Decree does not specify which instruction the jury relied upon and the Court does not have before it the facts presented in the state court. For instance, in *Combs*, the court examined the jury instructions and the verdict of the state court tort action and determined that the willful and malicious nature of the defendant's actions were actually and necessarily litigated. The jury instruction in *Combs* expressly required the jury to determine actual malice. Plaintiff has not met the burden of proving by a preponderance of the evidence that the elements of res judicata and collateral estoppel have been established. The Court holds that Plaintiff has not met the burden of proof and res judicata and collateral estoppel are not applicable for purposes of determining the debt nondischargeable.

The final issue to be determined is whether the debt is dischargeable. The issue was heard and the Debtors appeared and presented testimony on the issues. The Plaintiff, Doss, did not appear nor present any rebuttal testimony. The Court granted additional time for written arguments whereby only the Debtor submitted additional authorities. The only other evidence before the Court is a copy of the state court's Final Decree and copies of the jury instructions.

■ An examination of the evidence before the Court does not support a finding that the Debtors acted "willfully and maliciously or with actual fraud." The relationship between the Debtors and Plaintiff began as one of a professional nature. Mrs. Kidd was a patient of Dr. Doss and later developed into a friendship. The Kidds and Doss later entered into a business relationship owning equal shares in a dress shop in Bristol. Debtors were interested in purchasing a new home and the day before the loan was to close with the bank, Plaintiff approached them and offered to lend them the money at a lower interest rate than a bank could offer them. The Kidds agreed to the loan and Plaintiff was to set up the payment plan with

his CPA. Subsequently, the relationship between Debtors and Dr. Doss changed, which led to the controversy.

Mr. Kidd testified that, at the time of the transaction, he did not make a representation that he knew to be false nor did he have any intent to deceive the Plaintiff. He further stated that he did not knowingly disregard the rights of Plaintiff. In this case, the transaction between the Kidds and Doss was at arm's length. This was not a situation where a Debtor was in possession of money that he knew was not his. On the contrary, Plaintiff offered to loan the money to the Debtors. Plaintiff had already placed the money in Debtors' safe deposit box. Having heard the testimony of the Debtors, the Court concludes that the nature of the Debtors' actions clearly does not reach the level of maliciousness as required by the Fourth Circuit.

Secondly, in order to prevail on a nondischargeability claim pursuant to § 523(a)(2)(A), the creditor must show (1) that the debtor made representations; (2) that at the time of so making, the debtor knew them to be false; (3) that the representations were made with intent to deceive; (4) that the creditor relied on the representations; and (5) that the creditor was damaged as a result thereof. These elements must be proved by a preponderance of the evidence.[3] There is no evidence before the Court that the Kidds had an intent to deceive Doss nor is there any evidence that they committed actual fraud or made any false representations. An appropriate Order will be entered.

Service of a copy of this Memorandum Opinion shall be made by mail to the Debtors; counsel for Debtors/John M. Lamie, Esq.; counsel for Plaintiff/Timothy Wayne Hudson, Esq.; and Trustee.

---

**3.** 11 U.S.C. § 523(a)(2)(a) states in pertinent part as follows:

(a) A discharge under section 727, 1141, 1228(a) 1228[b], or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;