## COURTNEY v. WALKER et al.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1928.

.No. 2698.

**1. Appeal and error ⚖⟹1008(1)—Trial court's findings should not be disturbed, unless clearly wrong.**

Great weight is given to the findings of the trial judge, and his findings should not be disturbed, unless manifestly erroneous and clearly against evidence.

**2. Collision ⚖⟹74—Evidence held to sustain finding that lighters breaking from moorings were at fault for collision.**

Evidence in libel proceeding for collision *held* to sustain finding of trial court that lighters, which broke loose from their moorings due to high wind, were at fault; it being claimed that the damage was due to negligence of men in charge of lighters.

**3. Collision ⚖⟹71(3)—Boat properly manned and tied at slip, which broke loose, due to force of lighter which struck her, held not at fault in collision.**

Boat, which was properly manned and properly tied at slip, *held* not at fault in libel proceedings for collision, where she broke loose, due to contact with lighter, which had come loose from its mooring.

**4. Appeal and error ⚖⟹1010(1)—Reviewing court must reverse trial court's findings, which are clearly wrong and unsupported by evidence.**

Where trial judge is clearly wrong in his conclusions of fact, and where there is no evidence to support them, it is the duty of the reviewing court to reverse the finding.

**5. Collision ⚖⟹74—Evidence held not to sustain finding that scow striking libelant's schooner was not struck by third boat, which broke loose from its moorings, due to fault of claimant's lighter.**

In libel proceedings for collision, evidence *held* to require reversal of trial court's finding that scow striking libelant's schooner was not struck by another boat, which broke loose from its moorings due to fault of lighter, which became unfastened from mooring at slip, in view of positive evidence of witnesses.

**6. Collision ⚖⟹71(3)—92-foot empty scow, tied up with her end to dock, and broken loose by another boat and striking libelant's schooner, held at fault in libel proceedings.**

Empty scow, 92 feet long, which was tied up with her end to the dock and reached half way across entire width of slip at which she was moored, was at fault in libel proceedings for collision with libelant's schooner, where she was struck by another boat and broke loose, colliding with libelant's schooner.

**7. Collision ⚖⟹70—Owner of scow held chargeable with negligence of employees of poultry food company in tying scow to dock.**

Owner of scow *held* liable for negligence on part of employees of poultry food company, who tied up empty scow with her end to the dock, reaching half way across slip, since those tying up scow acted as agents of the owner of the boat.

**8. Collision ⚖⟹146—Where lighters, which became loose from moorings, and scow, broken loose from the force so set in motion, which struck libelant's schooner, were both at fault, both were chargeable equally with damage.**

Lighters, which were at fault, and which broke loose from their moorings, causing other boats to break loose from their moorings, thus causing the collision and injury to libelant's boat through series of contacts, and scow striking libelant's boat, which was at fault because

of manner of its mooring, were equally chargeable, with the damage done, in libel proceedings.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; William C. Coleman, Judge.

Libel by Warren J. Courtney against H. L. Walker, owner of the scow A5, and others. From a decree dismissing the libel, libelant appeals. Reversed and remanded, with instructions.

Percy S. Stephenson, of Norfolk, Va., and John H. Skeen, of Baltimore, Md., for appellant.

George W. P. Whip and Harry N. Abercrombie, both of Baltimore, Md. (Lord & Whip, of Baltimore, Md., on the brief), for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. A libel was filed in the District Court of the United States for the District of Maryland, at Baltimore, on the 5th day of March, 1926, by Warren J. Courtney, the appellant, as owner, for damages to the schooner Columbia F. C., while tied up to the north end of a slip in Baltimore harbor, near the plant of the Potomac Poultry Food Company. The slip was about 185 feet wide, and extended from the harbor to a point at or near the plant of the Potomac Company, and ran in a general south to north direction.

At the time of the accident, on February 25, 1926, a large steamer, the India Maru, was moored to the dock at the south end near the mouth of the slip on the west side. Across the slip on the east side, and near the mouth, lay the steamer New Britain. Immediately north of the India Maru, and along the westerly side of the slip, a number of scows and motorboats were tied up, and north of these the scow A5, owned by H. L. Walker, was tied up endwise in the slip, and still north of that two other scows were moored. The Columbia F. C. was at the north or closed end of the slip, and was loaded with oyster shells for the Potomac Company's plant. Alongside the India Maru, and made fast to her, were three scows or lighters, owned by the Chesapeake Lighterage & Towing Company. They were numbered 278, 169, and 63. The scow A5 was 92 feet long and 28 feet wide, and was made fast endwise to the dock, and secured by two lines fastened from one end of the scow to cleats fastened in the dock; the scow being fastened at one end only.

The accident occurred shortly after 10:30 o'clock in the morning, when a wind had arisen which had at 11:30 reached the velocity of 34 miles per hour, its highest velocity that morning. The three lighters or scows broke loose from their fastening to the India Maru, and, the wind being southerly, drifted up the slip in a northerly direction. Scow No. 63 struck the power boat Dorothy and knocked her loose from her moorings. It is claimed by the appellant that the Dorothy struck the scow A5, which broke loose and drifted into the Columbia F. C., causing the damage complained of.

The libel was filed against H. L. Walker, owner of the scow A5, the Chesapeake Lighterage & Towing Company, owners of lighters Nos. 169, 278, and 63, and Robert Lee Ford, owner of the power boat Dorothy. The defense on the part of the Towing Company was that of inevitable accident. The scow A5 and the power boat Dorothy defended on the grounds that one of the lighters struck the Dorothy, causing her to ram the scow A5, thereby causing the latter to break from her moorings and drift into the Columbia F. C.

The judge below found the three lighters of the Chesapeake Company at fault; found that one of the lighters had struck the Dorothy, breaking her loose, but found that the Dorothy had not rammed or struck the scow A5; and for that reason that the chain of causation between the negligence of the lighters and the damage was broken, and that, therefore, the lighters could not be held for the damage. The trial court further found that the A5, being properly moored and attended, was not in fault, and could not be held for the damage directly caused by the scow A5, and entered a decree dismissing the libel, from which decree this appeal was taken.

[1, 2] We have reached the conclusion that the court was correct in finding the three lighters of the Chesapeake Lighterage & Towing Company at fault, and concur in the reasoning of the trial judge on this point. At no time before the accident had the wind reached such a high velocity as to justify the defense of inevitable accident, and it seems conclusive that, had the men in charge of the lighters taken the proper precaution and acted with reasonable care, the damage would have been avoided. In reaching this conclusion we give to the finding of the judge below that weight which should be given to the finding of a judge, who has tried the case and heard the witnesses.

"Great weight should be given to the findings of a trial judge, who saw and heard the

witnesses testify. They should not be disturbed, unless the error is manifest and clearly against the evidence." The Patriotic (C. C. A.) 14 F.(2d) 897. This court has also held in The Baron Napier, 249 F. 126, to the same effect, and it is needless to quote a number of authorities that can be found on this point.

[3] We also concur in the conclusion of the trial judge to the effect that the power boat Dorothy was in no way at fault. She was properly manned, properly tied up, and would not have broken loose, had she not been struck by lighter No. 63.

The judge below found that the Dorothy did not strike or ram the scow A5, and in this conclusion we cannot concur. Two witnesses testified positively that the Dorothy did strike the A5; the bow of the Dorothy was damaged, and no witnesses testified directly to the contrary. The captain of the Dorothy and a number of other witnesses did not swear positively that the Dorothy struck the A5, but were of the opinion that she did, and we are at a loss to understand how any conclusion could be reached from the evidence to the effect that the Dorothy did not strike the A5.

Judge Waddill, of this court, while on the district bench in The Charlotte, 124 F. 989, affirmed by this court 128 F. 38, and in The Richmond, 114 F. 208, ably discusses the question of positive evidence as weighed against negative evidence, and lays down the rule that "positive evidence of witnesses who hear a sound or see an object is entitled to greater weight than the negative evidence of persons who failed to see or hear the same. The failure to hear a signal cannot be said to disprove the fact that it was given, and this is strikingly true as to witnesses on board the vessel at the time, who heard the signals given."

[4, 5] Where the trial judge is clearly wrong in his conclusion of fact, and where there is no evidence to support the same, it is the duty of an appellate court to reverse that finding, and in this case we are of the opinion that the trial judge was clearly wrong, and we unhesitatingly reach the conclusion that the Dorothy struck or rammed the A5, which latter, on breaking loose, caused the damage to the Columbia F. C., thereby completing the chain of causation between the negligence of the lighter No. 63, and the resulting damage.

[6] Again, with respect to the scow A5, we are compelled to disagree with the conclusion of the trial judge to the effect that the A5 was without fault. This scow was 92 feet

26 F.(2d)—37½

long and 28 feet wide, and tied up as she was, her end to the dock, reached half way across the entire width of the slip. She was empty, and rode high in the water, and caught the full force of the wind. The leverage exerted by any force against her outer end must have been powerful, and she should not have been made fast in this position. The evidence on this point is conclusive, and not disputed, and in face of a physical fact so plain we can only reach the conclusion that the A5 was also at fault.

[7] It is contended on behalf of the owner of A5 that he was not required to have a man on this scow, and that he was not responsible for any negligence on the part of the Potomac Poultry Food Company, whose employees had tied up the scow. On this question we hold that the employees of the Potomac Company, in tying up the scow, were the agents of the owner, and he is liable for their act, and that the scow was at fault.

[8] The lighters owned by the Chesapeake Lighterage & Towing Company being at fault, and the scow A5 being, as we see it, also at fault, the appellant is entitled to recover from them equally for the damage done the Columbia F. C., and this cause is remanded to the court below, with instructions to enter a decree in accordance with the views expressed herein; such decree to carry with it the costs against appellees, H. L. Walker and the Chesapeake Lighterage & Towing Company.

Reversed.