**In re Robert Dan COOK, Elizabeth Cook, d/b/a Cook Aluminum Co., Debtors.**

**HUNTER–DOUGLAS, INC., Plaintiff,**

v.

**Robert Dan COOK, et al., Defendants.**

Bankruptcy No. 7–83–01170.
Adv. No. 7–84–0012.

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

March 11, 1986.

Copeland, Molinary & Bieger, Abingdon, Va., for debtors/defendants.

Woodward, Miles & Flannagan, Bristol, Va., for plaintiff.

Robert E. Wick, Jr., Bristol, Va., trustee.

### MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The Plaintiff's Complaint seeks nondischargeability of its debt against the Debtors pursuant to 11 U.S.C. Section 523(a)(2), and the Court files the following Memorandum in lieu of Findings of Fact and Conclusions of Law as provided by *Rule* 7052.

The Debtor operated a home improvement business under the name of Housecraft, later incorporated, in Tazewell and Buchanan Counties, Virginia. In early

---

bama (1975) § 35–4–90. As to the details of such filing, see §§ 35–4–50, 35–4–51, 35–4–59, and 35–4–62.

**3.** 11 U.S.C. § 1107(a).

**4.** 11 U.S.C. § 544(a)(3).

1982 (or 1983), the Debtor, Robert Dan Cook, contacted the Plaintiff to purchase materials for siding on houses and establish a line of credit. This was granted on March 4, 1983 with a credit limit not to exceed $12,000.00. This limit was, in May of 1983, increased to $30,000.00, and the Debtor and his wife executed guaranties therefor.

The crux of the Plaintiff's case surrounds a document (Plaintiff's Exhibit 2) contended to be a false statement made by the Debtor concerning the Debtor's financial affairs conducted under the name of Housecraft. The document contains no signature, and the Plaintiff's employee, Mr. Tingen, the sales representative who apparently negotiated the credit line, could not state who prepared the statement nor how it reached the Plaintiff's office through the mails. Another employee, one Mrs. Hallett, testified that she examined the credit application and the financial statement, called the references listed on the Customer Data Advice form and, apparently from the favorable responses, the Debtor's business was granted a $12,000.00 line of credit. The Debtor testified positively at the trial that he did not prepare the financial statement and had not seen same prior to this litigation.

There is no claim by the Plaintiff that the form referred to as the Customer Data Advice form contained any false information and, indeed, the information set forth as to credit references was obviously accurate, upon which calls were made in order to grant the credit line of $12,000.00 initially.

Although extensive evidence by depositions, interrogatories, and otherwise was filed in this case, the issue simply boils down to the document (Plaintiff's Exhibit 2) which the Plaintiff claims is a document in writing made by the Defendant relied upon by the Plaintiff which was false and fraudulent, resulting in the granting of the $12,000.00 initial line of credit and upon which the Plaintiff seeks recovery of the balance due upon this account. The evidence is clear that subsequent to the is-

suance of the line of credit, substantial purchases and payments were made between these parties in an obviously satisfactory manner, to the extent that in May of 1983, the line of credit was enlarged to $30,000.00. The Court assumes from the facts presented that the initial purchases obtained from the credit line were all satisfactorily paid.

Section 523(a)(2) provides for exclusion from discharge of a debt incurred by fraud, and sub-paragraph (B) relates to a statement in writing, which appears to be the substance of the Plaintiff's claim herein.

The Debtor testified in open Court in a positive and forthright manner that he had not seen, prior to this litigation, the document (Plaintiff's Exhibit 2) nor had he authored same. The Plaintiff's witness Tingen was uncertain as to its authorship and vague in his deposition. Where the Court must review positive evidence as contrasted to negative evidence, the positive evidence is given greater weight. *See Courtney v. Walker*, 26 F.2d 583 (4th Cir. 1928).

The burden, pursuant to *Rule* 4005, is upon the Plaintiff to prove the allegations by a preponderance of the evidence. In considering that burden, the courts are required to view the evidence strictly against the creditor and liberally in favor of the debtor. *See In re Cooper*, 26 F.2d 585 (4th Cir.1928); *In re Roberts*, 169 F.2d 151 (4th Cir.1948); *In re Johnson*, 63 F.2d 24, 26 (4th Cir.1933); *Lockhart v. Edel*, 23 F.2d 912 (4th Cir.1928).

In considering the evidence relating to fraud, the burden is upon the Plaintiff to prove actual fraud, and constructive fraud is insufficient. *In re Roberts*, 275 F.2d 943 (4th Cir.1960). In consideration of such evidence, the court is required to review the evidence in its entirety. *Wertz v. Rock-Ola Mfg. Co.*, 329 F.2d 116 (4th Cir.1964).

As the foregoing principles relate to this case, where the Plaintiff has relied upon the alleged false financial statement, the Plaintiff must prove that the Debtor prepared and submitted a writing containing false information. *See In re Engler*, 744

F.2d 1060 (4th Cir.1984); *In re Vaughan,* 481 F.2d 664 (4th Cir.1985).

Viewing the evidence here as it relates to the foregoing citations and authorities, the Plaintiff has failed to prove by any evidence that the Debtor made a false financial statement. Assuming that the Debtor submitted the financial statement, and assuming that such statement was false and fraudulent, the evidence presented indicates that the Plaintiff, in granting the line of credit, relied principally upon the references listed, which were contacted by the Plaintiff's Credit Manager, Mrs. Hallett. Following calls to these references and apparently finding the Debtor's credit satisfactory, the initial $12,000.00 line of credit was granted. This granting of credit was apparently a good business judgment from the standpoint of the Plaintiff for, shortly thereafter, in May of 1983, the credit line was increased from $12,000.00 to $30,-000.00. The Court cannot find the necessary reliance required by the statute, assuming that a false statement or false representations were in fact made.

Accordingly, an Order will be entered dismissing the Complaint and holding the debt dischargeable.