In re Jimmy Lee MULLINS, Jim Mullins Motors, Inc., Debtor.

FIRST AMERICAN NATIONAL BANK–EASTERN, Plaintiff,

v.

Jimmy Lee MULLINS, etc., Defendant.

Bankruptcy No. 7–85–00148–B.
Adv. No. 7–85–0176.

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

Aug. 20, 1986.

Fred M. Leonard, Bristol, Tenn. and Son-
dra K. Alan, Bristol, Va., for debtor/de-
fendant.

Mark E. Dessauer, T. Arthur Scott, Jr., Kingsport, Tenn., for plaintiff.

Glenn R. Tankersley, Big Stone Gap, Va., Trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is the dischargeability of the Plaintiff's debt in the approximate sum of $31,900.00.

The facts relating to the within adversary proceeding presented at trial are as follows. The Debtor/Defendant, Jimmy Lee Mullins, prior to filing a Chapter 7 liquidating petition in this Court on February 12, 1985, was engaged in the used car business in Kingsport, Tennessee. The Defendant has been so engaged for a number of years, using several banking institutions, with the final financial arrangements being made with the Plaintiff.

The banking arrangements between the Plaintiff and Defendant consisted of a floor-plan financing of the Defendant's used car inventory which was secured by the inventory, a mortgage on the Defendant's residence, and the Defendant's personal guaranty. A Vice-President of the Plaintiff testified that the arrangement between the parties was essentially the granting of a line of credit by the Plaintiff to the Defendant; that this arrangement had been successfully carried on until the petition was filed herein; that the obligations under the line of credit were payable on demand; and that no demand for payment on the notes in question had ever been made.

The evidence further showed that at the time the petition was filed, the inventory consisted of vehicles with a wholesale value of $194,900.00. The Chapter 7 Trustee abandoned this inventory. It was later liquidated for the sum of $109,933.46. The Defendant takes issue with the manner in which the collateral was disposed of as not being in accord with the *Uniform Commercial Code.* However, the decision herein makes that determination unnecessary.

The Defendant testified that he had engaged in the used car business for a number of years and that his understanding of the financial arrangements with the Plaintiff was essentially the granting of a line of credit financed by inventory, the home mortgage, and personal guaranty. During the progress of this financial arrangement, there was no requirement that funds be held in any particular manner, either in writing or by oral agreement. Essentially, as vehicles were sold out of inventory, payments were remitted from the proceeds and the remaining balance was used to operate the Debtor's business. There was no requirement that a separate account be maintained for the purpose of depositing funds from the sale of the collateral or that the payments be made except on demand. They, in fact, were not made on any regular basis or pattern of operation. The documents do not reflect any provision requiring payment other than the "demand" provisions of the notes.

Although the Plaintiff alleged violation of other provisions of the Code, essentially, the Plaintiff relies upon 11 U.S.C. § 523(a)(4), which states that a discharge does not discharge an individual debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

Pursuant to *Federal Bankruptcy Rule* 4005, the burden of proof falls upon the Plaintiff in this case to prove fraud by clear, cogent, and convincing evidence, by a preponderance of the evidence. *See Sweet v. Ritter Finance Co.,* 263 F.Supp. 540, 543 (W.D.Va.1967); *Brown v. Buchanan,* 419 F.Supp. 199, 202 (E.D.Va.1975). The Plaintiff likewise has the burden of proving the existence of a fiduciary relationship.

In order to except the debt in question from discharge, the activity of the Debtor must constitute fraud occurring while the Debtor was acting in a fiduciary capacity. The courts have developed a narrow interpretation of what constitutes a fiduciary relationship under § 523(a)(4). *See In re Myers,* 52 B.R. 901 (Bankr.E.D.Va.1985). *See also Davis v. Aetna Acceptance Co.,*

293 U.S. 328, 55 S.Ct. 151, 95 L.Ed. 393 (1934).

■ The term "fiduciary capacity" has consistently been limited in its application as above noted and, in so doing, the courts have attempted to avoid making the exception so broad that it reaches simply debtor-creditor relationships rather than pure or constructive trust agreements. The Supreme Court in *Davis, supra,* concluded that documents creating a floor-plan financing arrangement did not create an express trust or fiduciary relationship, stating that "the resulting obligation is not turned into one arising from a trust because the parties to one of the documents has chosen to speak of it as a trust." Accordingly, it is the character of the debt relationship and not the form that determines whether a fiduciary relationship exists in a particular case.

■ Neither the documents nor the evidence of the manner of operation constitutes a trust arrangement sufficiently in this case. It was simply a debtor-creditor relationship secured by inventory, guaranty of the Debtor, and residential mortgage. The Court has maturely considered all of the evidence and cannot find that the Defendant acted fraudulently in any manner, but simply operated in the usual mode of operation as was true during the entire period of the financial arrangement. A line of credit as secured here cannot be transformed into a trust arrangement by implication as claimed by the Plaintiff. The Debtor testified in open Court in a positive and forthright manner that he understood the arrangement to be simply a line of credit granted by Plaintiff to finance his ongoing business and in no wise was a trust arrangement. The Plaintiff's evidence did not show any such trust arrangement which would bring the case within § 523(a)(4). Where the court must review positive evidence as contrasted to negative evidence, the positive evidence is given greater weight. *See Courtney v. Walker,* 26 F.2d 583 (4th Cir.1928).

■ As heretofore stated, the burden, pursuant to *Rule* 4005, is upon the Plaintiff to prove the allegations by a preponderance of the evidence. In considering that burden, the courts are required to view the evidence strictly against the creditor and liberally in favor of the debtor. *See In re Cooper,* 26 F.2d 585 (4th Cir.1928); *In re Roberts,* 169 F.2d 151 (4th Cir.1948); *In re Johnson,* 63 F.2d 24, 26 (4th Cir.); *Lockhart v. Edel,* 23 F.2d 912 (4th Cir.).

■ In considering the evidence relating to fraud, the burden is upon the Plaintiff to prove actual fraud, and constructive fraud is insufficient. *In re Roberts,* 275 F.2d 943 (4th Cir.1960). In consideration of such evidence, the court is required to review the evidence in its entirety. *In re Wertz,* 329 F.2d 116 (4th Cir.1961).

As the foregoing principles relate to this case, where the Plaintiff relies upon the alleged fraud of a fiduciary, the Plaintiff must prove that the debtor was acting in a fiduciary capacity and in a fraudulent manner. *See In re Engler,* 744 F.2d 1060 (4th Cir.1984); *Bennett v. W.T. Grant,* 481 F.2d 664 (4th Cir.1985). Accordingly, the Court finds that the allegations of the Complaint have not been sustained, and the debt is discharged.

In passing, the Court observes that a serious question exists as to whether or not the *Uniform Commercial Code* has been complied with in the disposition of the collateral in question. The evidence presented was not sufficiently developed to show that the disposition complied with the *Uniform Commercial Code.* It is undisputed that the wholesale value of the collateral on a cost basis was approximately $195,000.00. The disposition for $109,000.00 would certainly leave serious questions as to the manner of disposition by the Plaintiff. A proper disposition could have resulted in no balance whatsoever owing Plaintiff. *See In re Bishop,* 482 F.2d 381 (4th Cir.1973). However, as herein noted, the Court does not decide that issue since the debt, whatever it may be, is discharged.